### SMOLOWE v. DELENDO CORPORATION et al. (UNITED STATES, Intervener).

District Court, S. D. New York.

Dec. 26, 1940.

Arthur J. Sleppin, of New York City, for plaintiff.

Jay Leo Rothschild, of New York City, for defendants.

John T. Cahill, U. S. Atty., of New York City, Francis M. Shea, Asst. Atty. Gen., and Sidney J. Kaplan and Chester T. Lane, Sp. Assts. to Atty. Gen., for the United States.

MANDELBAUM, District Judge.

The United States applies for an order of intervention in this action, pursuant to 28 U.S.C.A. § 401, and Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The defendants oppose the motion, whereas the plaintiff takes no position, stating that he is entirely satisfied to abide by whatever decision this court may make.

The action is brought by a stockholder on behalf of the defendant corporation to recover from the defendants, who are officers and directors of the corporation, profits alleged to have been made by them in the sale and purchase of the corporation's stock.

Amended pleadings were filed and issue was joined October 28, 1940. On the same day, cross-motions were made by both plaintiff and defendants. The former moved to strike certain affirmative defenses contained in the answer as insufficient in law. The latter moved for judgment on the pleadings claiming, among other things, that the statute upon which this action was predicated was unconstitutional, in that it violated certain amendments and provisions of the Constitution. On the return day of the cross-motions, the matters were adjourned to November 29, 1940, and the parties, pursuant to Rule 11 of the Local Rules of Civil Procedure, notified Judge Knox, the Senior District Judge, of the existence of the constitutional question raised by the defendants' amended answer and motion. Judge Knox thereafter wrote to the Attorney General of the United States certifying the question. At this point, it is well to point out that an unintentional error crept into the certification in that the question of the constitutionality was addressed to the entire Section 16 of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p. It is conceded by both sides that the intention was to refer to subdivision (b) of Section 16 and nothing else. The court will accordingly treat this motion as if the original certification was based on subdivision (b) of Section 16. This may formally be cured by a subsequent order.

While several grounds for opposition to intervention are urged, mainly, I should say it is the position of the defendants that at present the constitutionality of the aforementioned subdivision is not "drawn into question" and may never be; that all that is involved at present is the construction of the subdivision in question, and the application at best is premature.

I think that the purposes sought to be accomplished by the enactment of the Securities Exchange Act of 1934 are well understood. But it is important enough to bear repetition. This law was enacted primarily to protect the investing public by maintaining free, fair and open markets for listed securities and by preventing and punishing abuse of the facilities of the national securities upon which such securities are traded.

The specific section (Subdivision (b) of Section 16) upon which this suit is founded gives the corporation (or those suing in behalf thereof) the right to recover from "insiders" any profit which the "insiders" may make by trading operations in their corporation's stock within a period of 6 months.

It is clear from the foregoing that the public interest is vitally affected by this statute not only in its entirety but with that particular portion which is now in controversy.

The government contends that the constitutionality of subdivision (b) of Section 16 has been "drawn into question" within the meaning and intent of Section 401 of the Judicial Code; that the certification to the Attorney General has drawn it into question; that the cross-motions which have not been heard as yet have effectively raised the issue; that the two issues of construction and constitutionality · are inextricably interwoven.

 I have carefully considered the arguments and authorities submitted by the contending parties and have reached the conclusion that intervention should be permitted. I do so irrespective of whether or not Hinderlider v. La Plata Co., 304 U.S. 92, 58 S.Ct. 803, 82 L.Ed. 1202, is authority for the right to intervene. In view of what I have to say it is unnecessary to determine that question. It appears to me that the arguments advanced by the defendants that "litigants should also be freed from the delays and red tape which necessarily creep into a litigation, in which merely abstract issues are debated by those who have no personal interest in the litigation" (p. 25, defendants' main brief), is without merit. The charge is based on pure conjecture and secondly the interest on the part of the Attorney General is more than a passing one. As I stated before, the public interest is vitally affected and whatever delays may ensue because of such intervention, the same is of no consequence. At any rate, it is always the province of the court to put a halt to delay which may appear unreasonable and unwarranted. In permitting this intervention, I am of the belief that the constitutionality of subdivision (b) of Section 16 has been "drawn into question". By this I do not mean to hold that from now on, the government has a free rein in this litigation. The government itself recognizes the limited purposes of its intervention when it concedes that it is only interested on the state of the pleadings in presenting evidence and arguments in support of the constitutionality of subdivision (b). The order of intervention will therefore make provision for this. It is also no bar to intervention that the question of constitutionality may never be passed upon, in that the court hearing the cross-motions may decide the issues raised on other grounds. It is also my further belief that the possibility of harm by refusing intervention under the circumstances in this case is far greater than any harm that could come by permitting intervention.

The court will accede to the defendants' request that an order be settled on notice and same should embody the limited purposes of the intervention and that it apply only to subdivision (b) of Section 16 of the Securities Exchange Act of 1934.