**NORRIS & HIRSHBERG, Inc., v. SECURI-
TIES AND EXCHANGE COMMISSION.**

No. 9272.

United States Court of Appeals
District of Columbia.

Argued Oct. 25, 1946.

Decided Feb. 17, 1947.

690

Messrs. Carl McFarland and Joseph B. Brennan, both of Washington, D. C., with whom Mr. William A. Sutherland, of Washington, D. C., was on the brief, for petitioner.

Mr. Roger S. Foster, Solicitor, Securities and Exchange Commission, and Mr. Nathan D. Lobell, Special Assistant to the Commission, Securities and Exchange Commission, both of Philadelphia, Pa., of the Bar of the State of New York, pro hac vice, by special leave of court, for respondent.

Before CLARK, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

WILBUR K. MILLER, Associate Justice.

On the 28th day of December, 1943, the Securities and Exchange Commission instituted against Norris & Hirshberg, Inc., of Atlanta, Georgia, a proceeding under §§ 15(b) and 15A(l) (2) of the Securities Exchange Act of 1934, to determine whether that firm's registration as an over-the-counter broker and dealer in securities should be revoked, and whether it should be suspended or expelled from membership in the National Association of Securities Dealers, Inc. Some seventeen months after an extensive hearing before one of the Commission's trial examiners, his report that the charges had not been sustained was rejected by the Commission, and the registration of Norris & Hirshberg, Inc., as a broker and dealer was revoked.

A petition for review of the Commission's order was filed with this court on April 29, 1946, and service thereof upon a member of the Commission cast upon that body the statutory duty to "certify and file in the court a transcript of the record upon which the order complained of was entered." [1] On June 8, 1946, there was filed with us a transcript in thirteen volumes containing in the aggregate 4,344 pages. A great portion of its bulk is made up of exhibits containing statistical and historical data.

After this filing, Norris & Hirshberg, Inc., petitioned for a writ of certiorari to obtain correction and completion of the transcript, which it assailed as incorrect and incomplete in four particulars:

1. In that thirteen exhibits prepared and presented by the petitioner herein which actually were received in evidence, and which contain information substantial in nature and material to the issues, are shown in the index to the transcript as having been re-

[1] The pertinent portion of § 78y, Title 15 U.S.C.A., is:

"A copy of such petition (for review) shall be forthwith served upon any member of the Commission, and thereupon the Commission shall certify and file in the court a transcript of the record upon which the order complained of was entered."

ceived "for identification only," and are thus represented as not being parts of the record made up at the hearing.

2. In that the transcript incorrectly includes twelve documents styled as Commission exhibits which in fact were never offered in evidence; that these documents, which purport to be explanations and interpretations of exhibits actually filed, were made up and attached after the record had been closed.

3. In that the transcript was certified only by an employee of the respondent Commission, instead of by the Commission itself as required by the Act; and that it was certified as "the transcript of the record of the proceedings * * * *in which* the orders complained of in the above entitled matter were entered," when the statute required the Commission to certify and file "a transcript of the record *upon which* the order complained of was entered."

4. In that the transcript does not include as a part of the record a summary or digest of the testimony and exhibits, prepared by the Commission's staff, which was the real basis of the Commission's order; that at the oral argument, the presiding Commissioner admitted that he and his associates do not undertake to read the entire record; that petitioner believes that the omitted summary or digest of the evidence did not correctly reflect the actual evidence, but differed therefrom in material respects to its detriment, and that in consequence petitioner has been denied a consideration of, and a decision upon, the actual facts and proofs adduced at the administrative hearing.

By its answer to the petition for certiorari, the respondent Commission admits the factual bases of the petitioner's four points, but denies that any correction of the transcript is thereby required. The case is before us now only for the purpose of considering whether a writ of certiorari should issue.

When a petition for review of an order of the Securities and Exchange Commission is filed with a court, as is permitted by § 78y of Title 15, U.S.C.A., the court's duty is limited in scope, as a provision of the same section is that upon review "the finding of the Commission as to the facts, if supported by substantial evidence, shall be conclusive."

Thus restricted and simplified, the function of the court is simply to see if the Commission's factual findings are supported by substantial evidence. In order that this duty may be performed, § 78y requires the Commission, when served with a petition for review, to "certify and file in the court a transcript of the record upon which the order complained of was entered."[2] The filing of a transcript so certified is a condition precedent to the performance of the court's statutory task.

The several volumes which have been filed in this case purport to be a transcript of the record of the proceedings in which the Commission entered the order of which the petitioner complains. Although the certificate does not conform to the statute, we would have been inclined to suppose this transcript to be a true copy of the actual record made by the parties at the hearing before the trial examiner, and to regard it also as a true copy of the record which the Commission considered and upon which it based its order, had we not been confronted with the petitioner's challenge of its authenticity.

The petitioner alleges, and the Commission admits, that the transcript contains as Commission exhibits twelve documents which not only were not received in evidence, but were not offered as such, having been made up and attached after the record before the trial examiner had been closed. This criticism is a serious one. For it is of prime importance that there be certified to the court an accurate transcript of the evidence introduced at the hearing. If we should suppose that the transcript before us was the basis of the order, then we would be left to speculate as to whether the Commission's expert judgment would have been the same, had the true record been before it. The court, in its work of review, is entitled to the informed judgment of the skilled Commission upon the evidence

---

[2] See note 1 supra.

which was fairly and legally before it as it deliberated.

It is charged also by the petitioner, and admitted by the Commission, that thirteen exhibits, which the petitioner regarded as important to its defense and which were received in evidence, are represented in the index to the transcript as having been marked as received "for identification only." This would signify that the thirteen documents were not received in evidence. It is not an answer to say, as the Commission now does, that the index is not a part of the record. The Commission's staff prepared the index. Presumably its understanding of the record is thereby reflected. Whether the index was prepared only for this court, or whether it was made as a convenience for the Commission itself during the period of some seventeen months which intervened between the close of the hearings and the Commission's order, we are unable to say For either purpose, the index should not confuse.

It is not our duty to go forward with the work of reviewing a transcript with such infirmities to see if it affords a substantial evidentiary basis for the Commission's order. Moreover, the transcript is not certified as a copy of the record *upon which* the order was entered. We have no way of knowing whether the order was based on the actual record of the hearing or on the quite different record which is reflected by the transcript.

If the transcript filed with the court, failing as it does accurately to reflect the record of the proceedings before the trial examiner, is in fact a true copy of the material considered by the Commission in determining upon its order, then the Commission has not afforded the petitioner the full hearing to which due process entitles it, as the Supreme Court has clearly pointed out.[3] In that event, it would be our duty immediately to remand the case to the Commission so that the proper record might be considered and an order entered pursuant to that consideration. Then if a petition for review of the new order were filed, a copy of the actual record of the trial before the examiner, being also the basis of such new order, would be certified to the court.

What has been said heretofore demonstrates clearly that the Congress thoughtfully and purposefully wrote into § 78y that the *Commission* "shall certify and file in the court a transcript of the record upon which the order complained of was entered." Such a certificate accomplishes two things: (a) It identifies the transcript as being a true copy of the evidence actually received as such, and (b) it represents to the court that the Commission actually has considered that record, nothing more and nothing less, and upon it has entered its order.

The transcript now before us was certified by the Commission's chief file clerk, who lacks authority to bind the Commis-

---

[3] In Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288, the Supreme Court discussed the procedural requirements of a case such as this before an administrative agency. The discussion will be found at pages 480 et seq. of 298 U.S., at pages 911, et seq. of 56 S.Ct., 80 L.Ed. 1288. It is held that there must be a full hearing, which is "designed to afford the safeguard that the one who decides shall be bound in good conscience to consider the evidence, to be guided by that alone, and to reach his conclusion uninfluenced by extraneous considerations. * * * "* * * Nothing can be treated as evidence which is not introduced as such. United States v. Abilene & Southern Ry. Co., supra [(265 U.S. 274, 44 S.Ct. 565, 68 L.Ed. 1016)]. Facts and circumstances which ought to be considered must not be excluded. Facts and circumstances must not be considered which should not legally influence the conclusion."

Again we find the Supreme Court saying that "* * * the weight ascribed by the law to the findings—their conclusiveness when made within the sphere of the authority conferred—rests upon the assumption that the officer who makes the findings has addressed himself to the evidence, and upon that evidence has conscientiously reached the conclusions which he deems it to justify."

We conclude, therefore, that the Commission has no right to consider any evidence except that which was adduced at the hearing, and that it must consider all the evidence which was so adduced, and must base its decision upon that evidence alone.

sion.[4] Moreover, he certified it as "the transcript of the record * * * in the matter * * * *in which* the orders complained of * * * were entered." The difference between a transcript of a proceeding "in which" an order was entered, and a transcript of a record "upon which" an order was entered, may seem slight, but this case shows that the words of the statute were wisely, if not deliberately, chosen. The certification of the transcript would not be an onerous task for the Commission but, be that as it may, the performance of it is required by the Act.

We come now to the petitioner's final contention that a summary or digest of the evidence, which the Commission had before it in considering the case, constituted the real "evidence" underlying the decision and that therefore the summary or digest should have been filed in the record. Whether the argument is valid depends upon the nature of the summary and the use to which it was put by the Commission. In considering a case such as this, the Commission might have before it four sorts of documents: the pleadings, a transcript of the evidence, briefs of counsel, and memoranda prepared by members or subordinates. It is well established that only the pleadings and the evidence constitute the record upon which the decision must be based. Briefs, and memoranda made by the Commission or its staff, are not parts of the record. Our duty on appeal, being only to say whether the record justifies the order, is therefore only to examine the pleadings and the evidence. What may be said by counsel in their briefs, or by a commissioner or a subordinate in a memorandum concerning the record, does not properly come before us.

The Commission asserts, and upon remand doubtless will certify, that the summary was not considered as, or in lieu of, the actual evidence. That being true, it falls in the category of internal memoranda made during the decisional process which are never included in a record. An administrative agency, such as the respondent here, may utilize the services of subordinates to sift and analyze the evidence received by the trial examiner [5] and subsequent use by the agency of a written resume of that sifting and analyzing is a part of its internal decisional process which may not be probed on appeal.[6]

As the summary is said to have been prepared by employees simply to aid in the Commission's examination of the record, its use appears to have been a part of the Commission's decisional procedure. We are not concerned with the manner in which the Commission gives consideration to the record; it is enough if it certifies that consideration has been given and that its findings arise therefrom. That much is required, but not more. It was, consequently, neither necessary nor proper for the digest of evidence used by the Commission to be made a part of the transcript, if the digest was used only as a help in considering the true record, as the Commission asserts.

But we are vitally concerned with knowing that the record considered by the Commission was in fact a true record; which means that it is of first importance for the court to know whether, in reaching its decision, the Commission considered as evidence all the matter which was introduced as such, and nothing more. That was its duty. If the duty was not performed, the order was void ab initio, and there is no occasion for judicial review to determine whether an inaccurate record shows substantial evidence to support it.

For that reason, the statutory admonition to the Commission that, upon appeal, it file with the court a transcript of the record upon which the order was entered, means that the Commission must file a transcript containing, in addition to the pleadings, all the material received in evi-

---

[4] Thompson v. Texas Mexican Ry. Co., 328 U.S. 134, 66 S.Ct. 937, 90 L.Ed. 1132.

[5] Morgan v. United States, 298 U.S. 468, 481, 56 S.Ct. 906, 80 L.Ed. 1288; Id., 313 U.S. 409, 61 S.Ct. 999, 85 L. Ed. 1429; Southern Garment Mfrs.

Ass'n v. Fleming, 74 App.D.C. 228, 232, 122 F.2d 622, 626.

[6] Morgan v. United States, 304 U.S. 1, 18, 58 S.Ct. 773, 999, 82 L.Ed. 1129; Bethlehem Steel Co. v. N. L. R. B., 74 App.D.C. 52, 64, 120 F.2d 641, 653.

dence, and nothing else. Had such a transcript been filed and properly certified as the record upon which the order was entered, the court would have thereby been assured that the Commission was moved to its decision by an appraisal of nothing more nor less than the record actually made by the parties. The court then could properly have proceeded to perform its reviewing function.

Unfortunately the Commission filed a transcript which does not contain all the evidence introduced at the hearing, and which does contain material, apparently evidential in nature, which was not received in evidence. It would be idle for the court to review such a record for the purpose of determining whether it discloses a substantial basis for the order. Moreover, no court should be asked to search among thousands of pages of a purported transcript to see what was received as evidence and what was not. The imperfect transcript has no place in our files, and the clerk will be directed to remove it and to return it physically to the Commission. The Commission thereupon should prepare and file a transcript containing the pleadings and all the evidence introduced before the trial examiner, and containing nothing else. That transcript should be certified by the Commission as showing the record upon which the order was entered. Proper certification of a true transcript will amount to a formal representation by the Commission that it used the summary or digest of evidence only as an aid in considering the actual evidence. Employed in that manner, the summary amounted to nothing more than a memorandum used in the consideration of the record.

It may be that the Commission did not base its decision concerning factual issues solely upon the actual record of the trial examiner's hearings. As to what sort of record the Commission did consider, we are not advised and express no opinion. But if the Commission rested its decision upon the record shown in the imperfect transcript, or upon any record other than the true one, it should rescind the order complained of here, should then address itself to a consideration of the record actually made by the parties and, guided by that consideration alone, should make a finding of facts and enter such order as it may deem to be required in the premises.

The case will be remanded to the Commission for procedure in conformity with this opinion.

Remanded to the Commission with directions.