John PIERCE, Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent.

No. 14901.

United States Court of Appeals
Ninth Circuit.

Dec. 12, 1956.

John G. Sobieski, Los Angeles, Cal., Edwin J. Dotson, Las Vegas, Nev., for petitioner.

Thomas G. Meeker, Gen. Counsel, S.E.C., Alexander Cohen, Asst. Gen. Counsel, Walter E. Garrigan and David Ferber, Attorneys, S.E.C., Washington, D. C., for respondent.

Before BONE and HAMLEY, Circuit Judges, and ROSS, District Judge.

BONE, Circuit Judge.

On October 28, 1954, petitioner filed with the Securities and Exchange Commission (herein "Commission") an application for registration as a broker or dealer. 15 U.S.C.A. § 78o(b). On November 5, 1954, the Commission ordered that a hearing be held on the question of denial of registration to petitioner, 15 U.S.C.A. § 78o(b), which hearing was held at Los Angeles, California, in November and December 1954. On February 8, 1955, the Hearing Examiner filed a 44 page Recommended Decision which recommended that petitioner's application for registration as a broker and dealer become "effective forthwith."

The Commission's Division of Trading and Exchanges filed exceptions to this Recommended Decision, and in response, petitioner sought adoption of the recommended decision. Following an independent review of the evidence, the Commission, on August 16, 1955, issued its Findings, Opinion and Order denying petitioner's application for registration. On October 24, 1955, the Commission denied petitioner's petition for rehearing. On October 14, 1955, petitioner petitioned this Court for Review of the order denying petitioner registration as a broker and dealer, asking this Court to "set aside" the order so far as it denies petitioner registration.

The Commission found that petitioner had willfully violated the anti-fraud provisions of 15 U.S.C.A. § 77q(a); 15 U.S.C.A. § 78j(b) and rule X–10B–5, 17 C.F.R. § 240.10b–5, issued thereunder; 15 U.S.C.A. § 78o(c) (1) and rule X–15C1–2, 17 C.F.R. § 240.15c1–2, issued thereunder; and 15 U.S.C.A. § 78o(b) and rule X–15B–8, 17 C.F.R. § 240.15b–8 issued thereunder. The Commission found that petitioner had willfully violated 15 U.S.C.A. § 78o(a) in that petitioner engaged in transactions as a broker and dealer before he was registered although the Commission's Assistant Regional Administrator had, on several occasions, advised petitioner to apply for registration, and on one occasion sent petitioner the necessary application forms.[1]

1. It appears that on October 7, 1954, the Commission commenced an action in the United States District Court for the District of Nevada to enjoin petitioner from engaging as a securities broker and deal-

Petitioner makes three specifications of error, the first of which is that the order of the Commission issued August 16, 1955, denying petitioner registration as a broker-dealer is based on findings which are contrary to the record and are not supported by the evidence.

■ 15 U.S.C.A. § 78y(a) provides that "Any person aggrieved by an order issued by the Commission * * * may obtain a review of such order * * *." Such section also states that "The finding of the Commission as to the facts, if supported by substantial evidence, shall be conclusive." The scope of this review is to determine if the Commission's findings are supported by substantial evidence. Norris & Hirshberg, Inc., v. Securities and Exchange Commission, 1949, 85 U.S.App.D.C. 268, 177 F.2d 228; Archer v. Securities and Exchange Commission, 1943, 8 Cir., 133 F.2d 795, 799.

■ This Court has carefully reviewed the evidence and believes there is not only substantial evidence but an abundance of evidence to support the Commission's elaborate findings of fraud and willful misrepresentation by petitioner, particularly with respect to certain stock transactions with a Mr. Hayward, a resident of California, and in respect to petitioner's financial statement filed with the Commission which failed to list approximately $3,000 of unsecured liabilities owed by petitioner, $1,900 of which was owed by petitioner to Hayward. This latter obligation is especially interesting as it appears that petitioner stated to the Commission's Los Angeles staff that he had settled with Hayward. As to the transactions while unregistered, petitioner admits that he acted as a broker-dealer while unregistered.[2] It should be noted that these transactions occurred while he was unregistered, as he has never been registered by the Commission.

The second specification of error is that the order of the Commission " * * * does not give proper weight, as required by law, to the Recommended Decision of the Hearing Examiner, who heard the evidence, which Recommended Decision was favorable to Petitioner."[3]

Petitioner cites Morgan v. United States, 1936, 298 U.S. 468, 481, 56 S.Ct. 906, 912, 80 L.Ed. 1288, where the Court stated, "The one who decides must hear." But petitioner overlooks the immediately succeeding paragraph in that opinion, which reads in part,

"This necessary rule does not preclude practicable administrative procedure in obtaining the aid of assistants in the department. Assistants may prosecute inquiries. Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates. Argument may be oral or written. The requirements are not technical. But there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must con-

---

er in violation of 15 U.S.C.A. § 78o(a). No injunction has been issued due to a stipulation entered into with the approval of the Court.

2. In his statement of points on which he intended to rely on this appeal, Rule 17, subd. 6, Rules of the United States Court of Appeals for the Ninth Circuit, 28 U.S.C.A., petitioner stated, "Petitioner concedes that he did act as a broker-dealer while unregistered and now desires to correct that."

3. The Commission's Rules of Practice, Rule 9, 15 U.S.C.A. following section 78u, 17 C.F.R. § 201.9, provides for a recom-

mended decision by the hearing officer. Rule 9(d) states, in part, "All recommended decisions shall be advisory only, and the findings, conclusions and other matters therein contained shall not be binding upon the Commission. The initial page of the recommended decision shall contain a statement to such effect."

The initial page of the Hearing Examiner's recommended decision contained the following statement, "Pursuant to Rule IX(d) of the Rules of Practice, this Recommended Decision is advisory only and the findings, conclusions and other matters herein contained shall not be binding upon the Commission."

sider and appraise the evidence which justifies them."

 It would seem to be petitioner's position that the Commission did not give sufficient consideration and weight to the findings of the Hearing Examiner, which findings were favorable to petitioner. Petitioner further suggests that the Commission relied upon a "digest" of the record prepared by its staff. In this matter the opinion of the Court in Norris & Hirshberg, Inc., v. Securities and Exchange Commission, 1947, 82 U.S.App.D.C. 32, 163 F.2d 689, 693, certiorari denied 1948, 333 U.S. 867, 68 S.Ct. 788, 92 L.Ed. 1145, is relevant. The Court stated,

"* * * An administrative agency, such as the respondent here, may utilize the services of subordinates to sift and analyze the evidence received by the trial examiner and subsequent use by the agency of a written resume of that sifting and analyzing is a part of its internal decisional process which may not be probed on appeal.

"* * * We are not concerned with the manner in which the Commission gives consideration to the record; it is enough if it certifies that consideration has been given and that its findings arise therefrom * * *." (Footnote citations omitted.)

In its Findings and Opinion, the Commission stated, "Our findings are based upon an independent review of the record." From a reading of the Commission's Findings and Opinion it seems self-evident that the Commission made a thorough analysis of testimony and of the documentary evidence connected with the securities transactions at issue. This Court has considered the Findings of the Hearing Examiner and has given them reasonable probative force in answering the question whether the evidence supporting the Commission's order is substantial. Universal Camera Corp. v. National Labor Relations Board, 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.

Ed. 456; Federal Communications Commission v. Allentown Broadcasting Corp., 1955, 349 U.S. 358, 75 S.Ct. 855, 99 L. Ed. 1147.

The third and final specification of error is that "The penalty imposed upon Petitioner, who has already been denied the right to earn a living as a registered broker-dealer for a period of over a year and a half, is cruel, unusual and excessive." We quote a portion of petitioner's brief which summarizes his legal position well: "The proceedings in this case have obviously cost Pierce several thousands of dollars. They have also been a liberal education to him as to S.E.C. regulations. There appears no proper basis for any inference he would injure anyone in the future. Pierce desires to register and comply with the S.E.C. regulations. It appears to us that further penalties, after a year and a half of suspension, would be arbitrary, cruel and unusual and not in the public interest."

 In our view, petitioner misinterprets the purpose of the broker-dealer registration law here involved. Denial of registration is not to be regarded as a penalty imposed on the broker. To the contrary, it is but a means to protect the public interest. 15 U.S.C.A. § 78o(b); Wright v. Securities and Exchange Commission, 1940, 2 Cir., 112 F.2d 89, 94; Smolowe v. Delendo Corporation, 1940, D.C.N.Y., 36 F.Supp. 790. The Commission is given the duty to protect the public. What will protect the public must involve, of necessity, an exercise of discretionary determination. This Court ordinarily should not substitute its judgment of what would be appropriate under the circumstances in place of the Commission's judgment as to measures necessary to protect the public interest. Wright v. Securities and Exchange Commission, supra; cf. Shawmut Association v. Securities and Exchange Commission, 1945, 1 Cir., 146 F. 2d 791. Since the evidence substantially supports the Findings of the Commission as to violations of law by petitioner, we cannot conclude that the Commission

abused its discretion in denying him registration.

Upon the whole record the Commission's determination should be, and is affirmed.