283 F.2d 773
 ASSOCLATED SECURITIES CORPORATION, a Utah corporation, and
Norman B. Jenson, Petitioners,
v.
SECURITIES AND EXCHANGE COMMISSION, Respondent.
Gerald M. GREENBERG, Petitioner,
v.
SECURITIES AND EXCHANGE COMMISSION, Respondent.
 Nos. 6514, 6553.
 United States Court of Appeals Tenth Circuit.
 Oct. 18, 1960.
 
 George F. Barbary, Denver, Colo., for Associated Securities Corp. and others.
 Ellis J. Sobol, Denver, Colo., for Gerald M. Greenberg.
 George P. Michaely, Jr., Washington, D.C., for respondent.
 Before BREITENSTEIN, Circuit Judge, and ARRAJ and CHILSON, District judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 In each of these proceedings to review orders of the Securities and Exchange Commission the petitioners move for a stay of the Commission's orders pending review in this court.
 
 
 2
 In No. 6514 the Commission held that the registration of Associated Securities Corporation as a broker and dealer should be revoked and found that Norman B. Jenson, its executive vice-president, treasurer and controlling stockholder was 'a cause of this order of revocation.' This order was based on findings that, in the sale of common stock of New Hemisphere Life Insurance Company, Associated had violated 17(a) of the Securities Act[1] and 10(b) of the Exchange Act.[2] The Commission further found that Associated, aided and abetted by Jenson, wilfully violated 15(c)(1) of the Exchange Act.[3]
 
 
 3
 In No. 6553 petitioner, Greenberg, petitioned the Commission for review, pursuant to 15A(g) of the Exchange Act,[4] of disciplinary action taken against him by the National Association of Securities Dealers, Inc., in proceedings instituted by the Association's District Business Conduct Committee No. 3 against H. Carroll & Co. and certain of its officers, including Greenberg. The Committee found violations of the regulations of the Association and of Regulation T of the Board of Governors of the Federal Reserve System. On the basis of these findings it expelled Carroll & Co. from the Association and revoked its registration. Greenberg and other officers were found to be the causes of the expulsion. The Board of Governors of the Association affirmed the Committee and, on petition for review, the Commission upheld the action of the Association.
 
 
 4
 Section 25 of the Exchange Act[5] provides in subdivision (a) for review of Commission orders by United States Courts of Appeals and states in subdivision (b) that the commencement of such review proceedings 'shall not, unless specifically ordered by the court, operate as a stay of the Commission's order.'
 
 
 5
 Section 10(d) of the Administrative Procedure Act[6] authorizes a reviewing court to stay the effective date of an action taken by an administrative agency upon 'such conditions as may be required and to the extent necessary to prevent irreparable injury.' That section also authorizes the agency to postpone the effective date of any action taken by it 'where it finds that justice so requires.' It is admitted that these petitioners made no application to the Commission for such stay of the effectiveness of the orders here attacked.
 
 
 6
 The Court of Appeals for the District of Columbia, in a case involving review of action by the Federal Power Commission,[7] laid down four conditions which must be met before a stay may be granted of an order of an administrative agency and the Second Circuit followed this rule in a proceeding involving an order of the Civil Aeronautics Board.[8] The conditions are:
 
 
 7
 (1) A likelihood that the petitioner will prevail on the merits of the appeal;
 
 
 8
 (2) Irreparable injury to the petitioner unless the stay is granted;(3) No substantial harm to other interested persons; and
 
 
 9
 (4) No harm to the public interest.
 
 
 10
 In the cases at bar there is no claim of harm to other interested persons. We are unable to make any worthwhile appraisal of the likelihood that the petitioners will prevail on the merits of their appeals because in neither case has the record been certified by the Commission and filed with the court. We have serious doubts as to the importance of condition (1) in cases such as these where the motions for stays are presented before the record is filed and we cannot say that Commission delay in filing a record of the proceedings should preclude the granting of a stay if the other conditions are satisfied. As we see the problem, the controlling factors are whether there will be irreparable injury to the petitioners and whether there will be harm to the public interest.
 
 
 11
 Irreparable injury to the petitioners is urged on the ground that they are excluded from the securities business and thus from earning their livelihoods in their chosen vocations. Serious as this personal injury may be, it is not of controlling importance as primary consideration must be given to the statutory intent to protect investors.[9] Exclusion from the securities business is a remedial device for the protection of the public.[10]
 
 
 12
 In the balancing of injury to the individual by exclusion from the security business and of harm to the public by proscribed activities in security transactions the necessity of protection to the public far outweighs any personal detriment resulting from the impact of applicable laws. In each of the cases before us the Commission has found that the public interest is served by the actions which it has taken. Jenson and Greenberg frankly assert an intent to continue in the security business.[11] If we were to grant the requested stays and thus, temporarily at least, free Jenson and Greenberg from the imposition of the Commission orders we would, in effect, be substituting our judgment as to the public interest for that of the Commission. The primary responsibility rests on the Commission and its determinations should not be upset by the courts except for cogent reasons.[12] The United States Supreme Court has said that:[13] 'Courts and administrative agencies are not to be regarded as competitors in the task of safeguarding the public interest.'
 
 
 13
 As the petitioners have not sustained the burden of establishing that the requested stays will not be harmful to the public interest, the stays are denied. Such denials are not intended to be any expression on the merit or lack of merit of the petitions for review.
 
 
 
 [1]
 15 U.S.C.A. 77q. This relates to fraudulent interstate transactions
 
 
 [2]
 15 U.S.C.A. 78j. This relates to manipulative and deceptive devices
 
 
 [3]
 15 U.S.C.A. 78o(c)(1). This relates to the use of interstate commerce to induce the purchase or sale of a security by means of a manipulative, deceptive or other fraudulent device or contrivance
 
 
 [4]
 15 U.S.C.A. 78o-3(g)
 
 
 [5]
 15 U.S.C.A. 78y
 
 
 [6]
 5 U.S.C.A. 1009(d)
 
 
 [7]
 Virginia Petroleum Jobbers Association v. Federal Power Commission, 104 U.S.App.D.C. 106, 259 F.2d 921, 925
 
 
 [8]
 Eastern Air Lines v. Civil Aeronautics Board, 2 Cir., 261 F.2d 830
 
 
 [9]
 See Stadia Oil & Uranium Co. v. Wheelis, 10 Cir., 251 F.2d 269, 275, and authorities cited in note 13
 
 
 [10]
 Wright v. Securities and Exchange Commission, 2 Cir., 112 F.2d 89, 94; Pierce v. Securities and Exchange Commission, 9 Cir., 239 F.2d 160, 163. And see 15 U.S.C.A. 78o(b) wherein, in providing for the registration of brokers, several references are made to Commission action 'necessary or appropriate in the public interest or for the protection of investors.'
 
 
 [11]
 In oral argument it was conceded that Associated Securities Corporation is no longer in business
 
 
 [12]
 Cf. Securities and Exchange Commission v. Mono-Kearsarge Consolidated Mining Co., D.C.Utah1958, 167 F.Supp. 248, 262
 
 
 [13]
 Scripps-Howard Radio, Inc. v. Federal Communications Commission, 316 U.S. 4, 15, 62 S.Ct. 875, 882, 86 L.Ed. 1229