S. D. WARREN COMPANY, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 6452.

United States Court of Appeals
First Circuit.

Submitted March 17, 1965.

Decided March 24, 1965.

John J. Delaney, Jr., Murray S. Freeman, and Nutter, McClennen & Fish, Boston, Mass., on memoranda for petitioner.

Marcel Mallet-Prevost, Washington, D. C., on memoranda for respondent.

Before ALDRICH, Chief Judge, and FORD, District Judge.

ALDRICH, Chief Judge.

This is a petition to review and set aside an order of the National Labor Relations Board entered against petitioner S. D. Warren Company, hereinafter Warren, in an unfair labor practice proceeding. In that proceeding the sole charge had been the failure to bargain, and the sole defense had been that the Board had certified an improper representational unit. Warren's refusal to bargain, in other words, had been to review, in the only way possible, A.F. of L. v. National Labor Relations Board, 1940, 308 U.S. 401, 60 S.Ct. 300, 84 L. Ed. 347; Surprenant Mfg. Co. v. Alpert, 1 Cir., 1963, 318 F.2d 396, the Board's decision in the certification proceedings. During the unfair practice proceeding it was discovered that the transcript of the matters before the Board in the certification proceeding omitted two material exhibits.[1] During the second proceeding the parties by stipulation furnished Xerox replicas of the missing exhibits, and these have been certified to us. Warren, however, moves for a summary judgment in its favor denying the Board's request for enforcement and granting its petition to set aside on the basis of the incompleteness of the transcript.

At first blush Warren's motion appears little short of preposterous. Upon consideration, however, particularly of the memorandum and affidavit submitted by General Counsel in opposition to the motion, we find the motion to have substantial merit. From Counsel's two documents it appears that the original ex-

1. One exhibit has since been found, but not soon enough to affect the matter upon which we are presently passing.

hibits were removed from the exhibit file during the pendency, and prior to the decision, of the Board in the representation case in order to be "Xeroxed" so that each member of the panel could have his own copy. The original exhibits were misplaced and not returned to the file. The record is silent as to what was done with the copies until long after the certification decision. All that appears is that after the absence of the exhibits was noted during the subsequent unfair labor practice proceeding a search was made and copies were "then returned to the official files of [the certification case] * * * Further affiant saith not."

■ In Counsel's aforesaid memorandum it is stated that "the Board considered these replicas in deciding the unfair labor practice case (see the Board's decision and order, p. 7)," and that the exhibits were "fully considered by the Board in reaching the underlying representation case determination." We regret to say, on the present record, that this is demonstrably incorrect. What the Board said at page 7 was,

"While the two exhibits are not material to the issue before us in this unfair labor practice proceeding, stipulated copies have now been furnished to us.

*Thus*, contrary to respondent's [Warren's] assertion, the record which we reviewed in its entirety in the representation proceeding, is not, and we find never was defective in any material sense." (Ital. suppl.)

Counsel's memorandum to the effect that the Board considered the replicas in deciding the unfair labor practice case is true only in an immaterial sense. As above quoted, it considered them merely to the extent of remarking that they were not presently material. It then proceeded to say that "the issues raised and determined in the prior representation proceeding may not be relitigated in the complaint proceeding." The further statement in the Board's opinion that it had reviewed the record "in its entirety" in the representation proceeding is refuted by the affidavit that the exhibits were not before the Board during that proceeding. So far as appears, neither were the replicas. The Board's attempted remedy, "Thus * * *" etc., supra, is a *non sequitur*. The fact that the evidentiary deficiency in the representation case was supplied during the unfair labor practice case could not of itself cure the earlier deficiency.

In other words, the Board could not, on the present record, have considered the exhibits before, and it expressly refused to consider them later. Under these circumstances the Board's reliance on Norris & Hirshberg, Inc. v. SEC, 1947, 82 U.S.App.D.C. 32, 163 F.2d 689, cert. den. 333 U.S. 867, 68 S.Ct. 788, 92 L.Ed. 1145, is misplaced. True, we have before us all of the transcript in the unfair labor practice case, but by the Board's own demonstration the unfair labor practice case avoided resolving an issue on the ground that it had already been fully determined when, in fact, it never had been determined on the entire record.

■ Providing that the evidence is considered to the point that the administrative body can and does make the necessary findings, the detailed particularity or manner in which it has considered it is a matter not subject to inquiry. United States v. Morgan, 1941, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L. Ed. 1429; NLRB v. Botany Worsted Mills, 3 Cir., 1939, 106 F.2d 263; Cupples Company Manufacturers v. NLRB, 8 Cir., 1939, 103 F.2d 953. Its decisional process must be the sole affair of the juridical body. On the other hand, "To refuse to consider evidence introduced * * * is arbitrary action." Chicago Junction Case, 1924, 264 U.S. 258, 265, 44 S.Ct. 317, 320, 68 L.Ed. 667; Morgan v. United States, 1936, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288. On the present record there is at least a presumption that this must have occurred, due to the physical absence of the exhibits. However, the fact that the exhibits, or rep-

licas, were missing a part of the time does not necessarily mean that they were missing at the material time. If the members of the panel in fact received the replicas which were destined for them prior to making their decision, the loss of the originals, and a brief hiatus in the availability of the replicas, would not be material. The Board having been the one to cast doubt upon its proceeding, it may, in turn, remove it. Upon receipt of individual affidavits to such effect within two weeks of the date of this opinion we will deny outright Warren's motion to dismiss. Otherwise, the only alternative will be to remand the proceedings for a reconsideration of the representational issue by the Board on the basis of the exhibits or replicas, as, what they then must be, "new matter."

Warren, by additional motion, wishes the Board to consider certain other new matters. We will not pass on this motion before argument on the merits.