**GENERAL SECURITIES CORP. and Edward J. Lovellette, Petitioners,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

No. 76–2728.

United States Court of Appeals, Ninth Circuit.

Oct. 12, 1978.

Ronald W. Meyer (argued), Phoenix, Ariz., for petitioners.

David Ferber (argued), Washington, D. C., for respondent.

---

Before MERRILL and CHOY, Circuit Judges, and TANNER,* District Judge.

## PER CURIAM:

Petitioner Lovellette is the registered principal and vice president of petitioner General Securities Corp., a broker-dealer registered with the Securities and Exchange Commission and a member of the National Association of Securities Dealers, Inc. ("NASD"), a national association of securities brokers and dealers. It is registered with the SEC under § 15A of the Securities Exchange Act, 15 U.S.C. § 78*o*–3, which provides for self-regulation of the over-the-counter securities market. Under this statute the NASD is authorized to supervise the conduct of its members and to discipline members for violations of its rules. 15 U.S.C. § 78*o*–3(b)(7).

The NASD brought disciplinary actions against petitioners alleging that appellants had: (1) failed to maintain sufficient net capital, (2) failed to send notice of net capital deficiencies, (3) failed to conduct quarterly securities box counts, and (4) failed to keep current certain records, all required by rules of the SEC. The Conduct Committee of the NASD conducted a hearing and found that petitioners had violated the SEC rules and the NASD rules and expelled General Securities from membership and barred Lovellette from associating with any NASD member as a principal or financial principal or in a supervisory or managerial capacity. Petitioners appealed this decision to the NASD Board of Governors, which, after a hearing, affirmed the findings and sanctions of the committee. Petitioners then appealed the NASD's actions to the SEC pursuant to the provisions of 15 U.S.C. § 78s(d) (formerly 15 U.S.C. § 78*o*–3(g)). The Commission affirmed the NASD's findings, save as to the finding of a violation of the net capital rule. (Although there were net capital deficiencies, petitioners did not execute any securities transactions during those periods.) The Commission found that the sanctions imposed were not excessive or oppressive and based on its independent review of the record dismissed the review proceeding pursuant to the provision of 15 U.S.C. § 78s(e)(1) and (2) (formerly 15 U.S.C. § 78*o*–3(h)(1) and (2)). Petitioners then filed with this court a petition to review the decision of the SEC as provided in § 20(a)(1) of the Act, 15 U.S.C. § 78y(a)(1).

Petitioners first urge that there is some question as to the weight of the evidence showing untimely filings of the required reports. The scope of our review of the Commission's factual findings is a limited one, *Pierce v. SEC*, 239 F.2d 160, 162 (9th Cir. 1956), and the Commission's findings of violations are amply supported by the record.

█ Petitioners contend, however, that the SEC abused its discretion in refusing to review and reduce the sanctions imposed by the NASD. Petitioners argue that in consideration of mitigating circumstances the penalties are punitive rather than remedial and are not necessary to protect the public interest. Petitioners also contend that the Commission erred by failing to articulate why the sanctions were necessary to protect the public, and by banning Lovellette from acting as a principal.

These contentions are unsupported. In finding that the sanctions imposed by the NASD were in the public interest and were not excessive or oppressive, the Commission noted that "Lovellette's proprietorship of General remained conspicuous for its inattention to the firms' recordkeeping and reporting obligations," and that Lovellette's own admissions and explanations "underscore a disregard for Commission and NASD recordkeeping and reporting requirements, and, with other testimony, show the ineptitude of Lovellette's management." The SEC also noted that the sanc-

---

* Honorable Jack E. Tanner, United States District Judge of the Western District of Washington, sitting by designation.

tions afforded some leniency in that "no fine was assessed and the sanction imposed on Lovellette was appropriately tailored to fit his failings as a manager and supervisor. His ability to continue as a salesman in the securities field was not impaired." 9 S.E.C. Docket 791 (1976).

The Commission thus took note of the very contentions made here by petitioner and rejected them, giving explanations for its action that we find sound and rational. We cannot say on this record that the standards applied amount to arbitrary action. We are unable to find abuse of discretion.

██ Petitioners also contend that the sanctions are out of line with those imposed by the Commission in other cases involving untimely filings and failure to meet record-keeping requirements and therefore are improper.[1] We disagree. The Supreme Court has recently noted that a sanction within the authority of an administrative agency is not rendered invalid because it varies from that applied in other cases. *Butz v. Glover Livestock Commission Co.,* 411 U.S. 182, 187, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973). Further, the cases relied on by petitioners are readily distinguishable on the facts. The delinquencies were not as grave or persistent as those here and did not so clearly reflect on managerial capacity.

The decision of the SEC is affirmed and the petition to review is denied.

1. Petitioners cite *Donald L. Tiffany, Inc.,* 37 SEC 841 (1957), *Harold E. Winterhalter d/b/a Harold E. Winterhalter Company,* 42 SEC 774 (1965), and *Wanda O. Olds d/b/a Olds & Company,* 37 SEC 23 (1956).