EXCHANGE SERVICES,
INC., Petitioner,

v.

SECURITIES AND EXCHANGE
COMMISSION, Respondent.

No. 85–1920.

United States Court of Appeals,
Fourth Circuit.

Argued April 11, 1986.

Decided Aug. 7, 1986.

Dennis M. Ryan (Karen A. Gould; Crews, Hancock & Dunn on brief), for petitioner.

Richard A. Kirby, Asst. Gen. Counsel, S.E.C. (Daniel L. Goelzer, Gen. Counsel; S.E.C. on brief), for respondent.

Before WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

Exchange Services, Inc. petitions this court to reverse the Securities and Exchange Commission (SEC) order upholding the decision of the National Association of Securities Dealers, Inc. (NASD) that certain personnel of Exchange Services must register as General Securities Representatives. Specifically, Exchange Services claims that the personnel perform only clerical or ministerial functions and thus should be exempt from registration. Exchange Services further contends that if registration is required, the qualifications should be modified to fit the personnel's job description, since otherwise a burden on competition will result. We reject these

arguments, finding that the SEC's order is not arbitrary and capricious and is supported by substantial evidence. Accordingly, we affirm.

## I.

Exchange Services is a discount brokerage firm that offers limited services to its customers. The company transacts only in book entry securities and maintains no markets, effects no principal transactions, engages in no secondary transactions or underwritings, neither offers margin accounts nor trades in options or commodities and carries no inventory. Given this confined structure and low profit margin, Exchange Services employs personnel (order takers) to perform limited duties, described as: verifying the identity of the customer placing the order; determining whether the customer has sufficient cash or securities to cover the proposed buy or sell order; providing bid and asking quotations for securities; describing for customers their current securities positions and free credit balances; taking customer buy and sell orders; transmitting orders placed by the customers to the appropriate market; and reporting to the customers the execution price. The order takers are not allowed to solicit orders from customers or make any recommendations with respect to securities. Their salaries are fixed and unrelated to the number of orders taken.

Because the order takers' functions are so restricted, Exchange Services submitted a request to NASD that these personnel be exempt from the requirement of registration as General Securities Representatives.[1]

To qualify for registration, the General Securities Representative Examination (Test Series 7) must be passed. This exam is a comprehensive test of the securities and brokerage field.[2]

The NASD denied the company's request reasoning that the order takers' functions were more than clerical or ministerial and that the regular and continuous communications with the public warranted registration. The association found the Test Series 7 to be the appropriate qualifying registration exam since the order takers accepted a broad range of securities orders and no alternative test was available that covered such general subject matter.

Exchange Services sought review by the SEC of the NASD decision. After an independent review of the record, the SEC affirmed.[3] This petition followed.

## II.

Exchange Services challenges the SEC's order on three grounds. First, the company argues that the SEC's decision that the order takers are not exempt from registration is arbitrary and capricious and is not supported by substantial evidence. We disagree.

The SEC found that the order takers perform more than clerical or ministerial duties. This finding is supported by substantial evidence. The order takers must be familiar with the securities business and be able competently to respond to customers' questions. Such duties involve more than clerical and ministerial activities. In addition, the NASD has a long-standing

---

1. Representatives are persons "who are engaged in the investment banking or securities business ... including the functions of supervision, solicitation or conduct of business in securities ..." *NASD Manual* (CCH) ¶ 1753. Such persons must register with the NASD, unless they are exempt. Exchange Services claims that the order takers are exempt due to their performing only clerical or ministerial functions. *See id.*

2. The test includes six subject areas: investment instruments; securities markets; brokerage office procedures; analysis, selection and purchase of securities; taxation; and federal and state securities regulations. Record at 152.

3. The SEC's standard for review of NASD decisions is stated at 15 U.S.C. § 78s(f). To uphold the decision the Commission must find that: (1) the specific grounds on which the decision is based exist in fact; (2) the decision is in accordance with the rules of the NASD; (3) the rules of the NASD are and were applied in a manner consistent with the purposes of the Securities Exchange Act; and (4) the decision imposes no burden on competition, not necessary or appropriate in furtherance of the purposes of the Act.

policy that anyone who takes orders from the public must register. The SEC relied on this policy in denying exemption. Exchange Services complains that this reliance was arbitrary and capricious. Such complaint lacks merit.

■ The regular and continuous contact order takers have with the public is a reasonable rationale for the policy. These personnel may stray from their limited duties during public contact, resulting in harm to investors. Such risk and the overriding concern for protection of public interest are sound bases for the SEC's reliance on the policy denying exemption status for the order takers.

Furthermore, because determining whether certain personnel must register inherently involves concern for public interest, we defer to the expertise of the SEC.

> The Commission is given the duty to protect the public. What will protect the public must involve, of necessity, an exercise of discretionary determination. This Court ordinarily should not substitute its judgment of what would be appropriate under the circumstances in place of the Commission's judgment as to measures necessary to protect the public interest.

*Pierce v. Securities and Exchange Commission,* 239 F.2d 160, 163 (9th Cir.1956) (citing *Wright v. Securities and Exchange Commission,* 112 F.2d 89 (2d Cir.1940)). *Cf. Consolo v. Federal Maritime Commission,* 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). We can find no abuse of the SEC's discretion in its judgment. Accordingly, we affirm that the order takers must register with the NASD.

Exchange Services also argues on appeal that if the order takers must register, they should not be required to take the Test Series 7 as it is an inappropriate and overly encumbering qualifying mechanism. The company reasons that 88% of the exam covers material unrelated to the order takers' job responsibilities.

The SEC did not address the appropriateness of Test Series 7. Instead, it affirmed the NASD's decision, requiring the order takers to take that exam, since such was the only available test which covered the wide range of securities handled by the order takers. Exchange Services argues that this decision was arbitrary and capricious because the SEC should have evaluated the exam, and under its powers pursuant to 15 U.S.C. § 78s(c), adopted a new, less comprehensive exam more applicable to testing the competence of the responsibilities pertinent to order takers.

■ Exchange Services' argument is not without merit. Indeed, the evidence shows that staff personnel for the SEC agree that a new test may be needed. However, we cannot conclude that the SEC acted arbitrarily and capriciously in affirming the NASD and refusing to consider the appropriateness of Test Series 7. We are told that the NASD and the SEC are currently evaluating that exam in a separate, independent proceeding. Thus it was reasonable for the SEC not to engage in a duplicative evaluation process in the instant proceeding. It was also reasonable for the SEC to affirm the NASD, requiring that the exam be passed. Until a new test is adopted, the only available exam testing competency on the wide range of securities handled by the order takers is the Series 7. Although this exam may well be overly comprehensive for the order takers, concern for public interest warrants the need for some minimal appropriate qualification. The Test Series 7 being the only current alternative, the decision was sound.[4]

Exchange Services argues, however, that requiring the comprehensive test, even temporarily, is erroneous since it will result in a burden on competition. The SEC found that no such burden existed. Arguably, however, if order takers must meet the same comprehensive standards as a full General Securities Representative, it is possible that the order takers will not stay with the discount company at a low fixed

---

**4.** We note that if the NASD and SEC unduly delay in evaluating the current exam and a possible alternative, we may reconsider the factors relied upon to affirm the SEC's decision.

salary performing only 12% of what they are qualified to do. Instead, they may work for a full service brokerage firm where they can perform the whole range of General Securities Representative duties and be paid accordingly. Consequently, the argument goes, the discount brokerage firms would go out of business.

■ Assuming, without deciding, that Test Series 7 does impose a burden on competition, it is a necessary burden during this interim period of no alternative exam. *See* 15 U.S.C. § 78s(f) (The SEC can affirm the NASD, despite the disadvantage to competition, if the decision is necessary or appropriate in furtherance of the purposes of the Act.) Given the choice of Test Series 7 and no exam at all, and the important need to have the order takers meet some qualification, any burden on competition created by the overly comprehensive exam is outweighed by the necessity for public interest protection. *See Associated Securities Corp. v. Securities Exchange Commission,* 283 F.2d 773, 775 (10th Cir.1960) ("The necessity of protection to the public far outweighs any personal detriment resulting from the impact of applicable law.")

In sum, the SEC's decision to require that the order takers register with the NASD as General Securities Representatives and thus pass Test Series 7 is not arbitrary and capricious and is supported by substantial evidence. The order takers perform more than clerical and ministerial duties. Their regular and continuous public contact and the necessity to protect investors create the need for a minimal qualification exam. The Series 7 being the only exam while alternatives are being considered, the SEC's order is reasonable. Accordingly, we affirm.

AFFIRMED.