**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Daniel E. ARMEL, Defendant-Appellant.**

**No. 17410.**

United States Court of Appeals Sixth Circuit.

Sept. 21, 1967.

Earl W. Allison, of Tuttle & Britt, Columbus, Ohio, Thomas Stueve, Cincinnati, Ohio, of counsel, for appellant.

Robert A. Bell, Asst. U. S. Atty., Columbus, Ohio, Robert M. Draper, U. S. Atty., Columbus, Ohio, Edward J. Barnes, Jr., Department of Justice, Washington, D. C., on brief, for appellee.

Before CELEBREZZE, PECK and McCREE, Circuit Judges.

PER CURIAM.

Defendant-Appellant Armel appeals from a conviction on twenty-two counts of a thirty-count indictment charging violation of Title 15 U.S.C. § 77q(a) [1] Title 18 U.S.C. § 1341 [2] and Title 18 U.S.C. § 371.[3] Defendant Commonwealth Se-

---

1. Title 15 U.S.C. § 77q(a)

(a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

(1) to employ any device, scheme, or artifice to defraud, or

(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

2. Title 18 U.S.C. § 1341

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

3. Title 18 U.S.C. § 371

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such

curities Corporation was also convicted in the same verdict but has not appealed. Defendant Chester Hathaway was not tried on the indictment with the other defendants, and before trial, Defendants Tresemer and Savage pleaded guilty to two counts and a *nolle prosequi* was entered concerning them as to the remaining counts. During the course of the trial, Defendants Donald Hathaway and Singleton pleaded guilty to one count and Defendant DeVennish's motion to sever was granted and his motion for acquittal, which had been taken under advisement, was granted after the verdict was returned.

The indictment charged Daniel Armel as the principal officer, and the other individual defendants as accomplices, with organizing the Certified Credit Corporation in 1950 which, under their control and direction, through stock purchases and mergers, obtained control of several other corporations and organized additional companies, the stock issues of which were underwritten by Defendant Commonwealth Securities Corporation. Stock in these other companies was sold to the public and the proceeds of these sales were a source of revenue to Certified Credit Corporation whose annual report had been sent through the United States Mails to prospective customers of the stock of the other companies. These annual reports fraudulently misrepresented the financial condition of the parent company. A sum in excess of six million dollars was thus obtained from investors who relied on the represented but false financial growth of the parent company.

Several questions are presented on appeal, the answers to none of which we find require reversal.

The contention that the indictment was fatally defective because it was not endorsed as a true bill and had not been signed by the foreman is utterly without merit since the supplemental record on appeal reveals a legally sufficient document. Equally without merit are the contentions raised in the motion for new trial on the grounds of insufficiency of evidence and error in the charge to the jury.

■ Appellant also contends that the indictment became fatally defective when the first count was stricken since all the remaining counts re-alleged by reference the allegations in the first 22 paragraphs of the first count.

The record shows clearly that the prosecution merely moved to strike the last numbered paragraph of count one and that the trial judge's ruling struck only that part and the first twenty-two paragraphs remained.

■ The remaining contentions relate to the claim that appellant's several motions for severance were improperly overruled. The decision to grant or to deny a severance is committed to the discretion of the trial judge. United States v. Vida, 370 F.2d 759 (6th Cir. 1966); United States v. McKinney, 379 F.2d 259 (6th Cir., 1967).

■ Indeed, the trial judge had no alternative but to remove from consideration of the jury the question of the guilt of the defendants who pled guilty and to have disclosed the fact of such plea to the jury would have prejudiced the remaining defendants. The trial judge's conduct of this phase of the trial and his cautionary instruction were commendable and we find this contention of appellants to be without merit.

For the foregoing reasons the judgment of conviction is affirmed.

persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.