Herbert BECK, Petitioner,

v.

**SECURITIES & EXCHANGE COMMIS-
SION, Respondent.**

No. 19018.

United States Court of Appeals
Sixth Circuit.

July 10, 1969.

Donald B. Gardiner, Columbus, Ohio, David J. Young, Columbus, Ohio, Dunbar, Kienzle & Murphey, Columbus, Ohio, of counsel, on brief, for petitioner.

Walter P. North, Associate General Counsel, Securities & Exchange Commis-

sion, Washington, D. C., Philip A. Loomis, Jr., General Counsel, Jacob H. Stillman, Asst. General Counsel, Brian M. Eisenberg, Atty., Securities and Exchange Commission, Washington, D. C., on brief, for respondent.

Before PECK, McCREE, and COMBS, Circuit Judges.

McCREE, Circuit Judge.

Petitioner seeks review pursuant to Section 25(a) of the Securities Exchange Act, 15 U.S.C. § 78y(a), of an order of the Securities Exchange Commission. The Commission's order revoked the broker-dealer registration of petitioner's former employer, Commonwealth Securities Corporation, and found that petitioner's willful violations of the antifraud provisions of the Securities Act and the Exchange Act [1] were the cause of the revocation. The order provided, however, that this finding would "not operate to prevent [petitioner's] employment in the securities business in a non-supervisory capacity after four months if he makes an appropriate showing that he will be adequately supervised." [2]

Petitioner began working for Commonwealth as a securities salesman in 1958. He had no previous connection with the securities business, and his training and supervision by Commonwealth were admittedly inadequate. In 1960 he was instructed to sell shares in Certified Credit and Thrift Corporation, a newly formed loan company. It was in connection with sales of this stock that the violations of the antifraud provisions occurred. According to the Commission's findings, petitioner misrepre-

sented to his customers (1) the profitability of an investment in the stock of Certified Credit and Thrift, (2) the safety of the investment, (3) the return that could be expected, (4) the opportunities for resale without absorbing a loss, and (5) the possibilities for the listing of the stock on an exchange.

In his petition for review, petitioner challenges the sufficiency of the evidence supporting the Commission's finding that he .willfully violated the antifraud provisions of the Securities Act, the fairness of the hearing accorded him by the Commission, and the propriety of the Commission's order barring his employment in the securities business for a period of four months.

We find the first two challenges to be without merit. Under Section 25 (a), 15 U.S.C. § 78y(a), the findings of the Commission are conclusive if supported by substantial evidence, and a review of the record before us makes it clear that there is substantial evidence in this case to support the Commission's findings. We also determine that petitioner was afforded procedural due process in the proceedings conducted to ascertain these findings.

The remaining issue concerns the propriety of the sanction imposed upon petitioner. Under the Securities Exchange Act, the Commission is invested with broad discretion to impose sanctions "appropriate in the public interest", 15 U.S.C. § 78o–3(b)(4), but this discretion is not limitless. It is the function of the courts to determine whether the Commission has, in a given case, exceeded the bounds of its remedial author-

---

1. Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a) ; Sections 10(b) and 15 (c) (1) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78o(c) (1), and Rules 10b–5 and 15c–1 thereunder, 17 C.F.R. §§ 240.-10b–5 and 240.15cl–2.

2. Under Section 15A(b) (4) of the Exchange Act, 15 U.S.C. § 78o–3(b) (4), a finding that a person is a cause of a revocation order operates to bar him from being associated with a broker or dealer belonging to a registered securities asso-

ciation unless the Commission gives its approval. The Commission preceeded under this Section and made the requisite cause finding because this action was commenced prior to the Securities Acts Amendments of 1964, under which the Commission can now proceed directly against a salesman and impose a sanction on him regardless of whether any sanction is imposed on his employer. See Section 15(b) (7) of the Exchange Act, 15 U.S.C. § 78o(b) (7).

ity. In order for the court to discharge this duty in the matter before us, it is necessary that the Commission articulate the reasons for the proposed sanction. As Justice Frankfurter stated in S.E.C. v. Chenery Corp., 318 U.S. 80, 94, 63 S. Ct. 454, 462, 87 L.Ed. 626 (1943), a case in which the grounds upon which the administrative agency acted were not clear:

> The Commission's action cannot be upheld merely because findings might have been made and considerations disclosed which would justify its order as an appropriate safeguard for the interests protected by the Act. There must be such a responsible finding. * * * For the courts cannot exercise their duty of review unless they are advised of the considerations underlying the action under review.

See Kahn v. S E. C., 297 F.2d 112 (2nd Cir. 1961); Berko v. S. E. C., 297 F.2d 116 (2nd Cir. 1961).

 The Commission has ignored this principle here. Its order fails to disclose why the public interest necessitates barring petitioner from the securities business for a period of four months at this time despite his responsible performance for six years since the violation as an adequately trained and supervised securities saleman for a prestigious brokerage house. Petitioner left Commonwealth Securities Corporation in 1961 and since August, 1962 has been employed as a securities salesman by The First Columbus Corporation. He received this opportunity to obtain adequate training and to restore his reputation because of a three year delay in the Commission's proceeding occasioned by the pendency of a criminal action involving Commonwealth and other defendants (but not petitioner) who were also respondents in the administrative proceeding. See United States v. Armel, 384 F.2d 51 (6th Cir. 1967), cert. denied, 390 U.S. 944, 88 S.Ct. 1028, 19 L.Ed.2d 1132 (1968).

Of course, the Commission may have concluded that the public interest re-

quires the four month bar as an effective deterrent to future violations. This, however, is speculation since the order contains no finding concerning the need for deterrence. We cannot determine whether this sanction constitutes an abuse of the discretion vested in the Commission without a disclosure of the reason for its imposition. We therefore remand the case to the Commission for further proceedings not inconsistent with this opinion.

So ordered.

COMBS, Circuit Judge (dissenting).

I think it is clearly implied in the Commission's order that the sanction against petitioner is being imposed as a deterrent to future violations by petitioner and others. The statute vests the Commission with broad discretion in these matters and nothing is gained by requiring the Commission to spell out that which is obvious. I would direct enforcement of the Commission's order.