Herbert **BECK**, Petitioner,

v.

**SECURITIES AND EXCHANGE COMMISSION**, Respondent.

No. 19953.

United States Court of Appeals,
Sixth Circuit.

Sept. 11, 1970.

Donald B. Gardiner, Columbus, Ohio (Dunbar, Kienzle & Murphey, Columbus, Ohio, on the brief), for petitioner; Dunbar, Kienzle & Murphey, Columbus, Ohio, of counsel.

Walter P. North, Securities and Exchange Commission, Washington, D. C., (Philip A. Loomis, Jr., Gen. Counsel, Jacob H. Stillman, Asst. Gen. Counsel, Brian M. Eisenberg, Atty., Securities and Exchange Commission, Washington, D. C., on the brief), for respondent.

Before PHILLIPS, Chief Judge, McCREE, and BROOKS, Circuit Judges.

McCREE, Circuit Judge.

We consider for the second time a petition for review of an order of the Securities and Exchange Commission. After reviewing the Commission's first order, we remanded the case to the Commission with instructions to disclose its reasons for imposing on petitioner a four-month suspension from employment in the securities industry. 413 F.2d 832 (6th Cir. 1969). In our first opinion we quoted the following language of Mr. Justice Frankfurter:

The Commission's action cannot be upheld merely because findings might have been made and considerations disclosed which would justify its order as an appropriate safeguard for the

interests protected by the Act. There must be such a responsible finding. * * * For the courts cannot exercise their duty of judicial review unless they are advised of the considerations underlying the action under review.

S.E.C. v. Chenery Corp., 318 U.S. 80, 94, 63 S.Ct. 454, 462, 87 L.Ed. 626 (1943).

■ The Commission has responded by reaffirming petitioner's four-month suspension and citing reasons therefor. Its rationale for the imposition of the suspension is best summarized by the following excerpt from its order:

> We imposed the sanction on Beck with a view to adequately impressing upon him, through the impact of the sanction, the necessity of avoiding a repetition of his specific misconduct and the need for scrupulous propriety in all aspects of his securities activities in the future, as well as with a view to discouraging such misconduct by others in the securities industry.

The question before us on appeal is whether the imposition of the suspension for the reasons stated constitutes a gross abuse of the Commission's discretion. Armstrong, Jones & Co. v. S.E.C., 421 F.2d 359, 365 (6th Cir. 1970), cert. denied, 398 U.S. 958, 90 S.Ct. 2172, 26 L. Ed.2d 543 (June 15, 1970). We conclude that under the circumstances of this case it does.

■■ The purpose of the securities acts is to protect the investing public, S.E.C. v. Ralston Purina Co., 346 U.S. 119, 124, 73 S.Ct. 981, 97 L.Ed. 1494 (1953), and the orders issued by the Commission are intended to be remedial, not punitive. Berko v. S.E.C., 316 F.2d 137, 141 (2d Cir. 1963); Associated Securities Corp. v. S.E.C., 283 F.2d 773, 775 (10th Cir. 1960); Pierce v. S.E.C., 239

F.2d 160, 163 (9th Cir. 1956); Wright v. S.E.C., 112 F.2d 89, 94 (2d Cir. 1940). Here petitioner concedes that he violated the law, but he argues that his subsequent record completely negatives any justification for the Commission's order, and that therefore the suspension would be purely punitive, not remedial.

■ Petitioner's violation occurred in 1961, at a time when he was inexperienced in the securities business and was working under the supervision of men who were later adjudged guilty of criminal fraud. United States v. Armel, 384 F.2d 51 (6th Cir. 1967). Since 1962, he has been employed by a reputable securities firm and has been working under supervision similar to that which the Commission's order would require after the four-month suspension period. There is no evidence in the record that during this period petitioner, who is now 64 years old, has violated the securities laws or transgressed against business ethics in any way.[1] Moreover, the long delay between the initial violation and the adjudication by the Commission, which has given petitioner the opportunity to establish a reputation as a reputable broker, is not attributable to petitioner.

The Commission contends that petitioner must be suspended to deter him from any future violations. However, our reading of the record discloses no reason to believe that he is inclined to commit any further illegal or fraudulent acts. All the salient conditions attendant upon the 1961 violation—his inexperience, his employment by unsavory securities dealers—have terminated. Moreover, respondent's diligence in pursuing this matter over an eight-year period undoubtedly has impressed petitioner that persons in his calling are subject to unremitting and searching scrutiny. We think that, under these circum-

---

1. Of course, this may in part be attributable to the pendency of the proceeding before the Commission. However, the Commission's diligence in pursuing petitioner's case probably will serve to continue whatever deterrent effect existed during the proceeding even after it terminates. Moreover, pursuant to the unchallenged portion of the Commission's order, petitioner must continue to work under supervision of his superiors, as he has for the past eight years.

stances, the extra margin of deterrence that a four-month suspension would provide, when considered in light of the impact of events since 1961, must be considered negligible.

In our original opinion we stated:

Under the Securities Exchange Act, the Commission is invested with broad discretion to impose sanctions "appropriate in the public interest," 15 U.S.C. § 78o–3(b) (4), but this discretion is not limitless. It is the function of the courts to determine whether the Commission has, in a given case, exceeded the bounds of its remedial authority. 413 F.2d at 833–834.

Here, the relationship between the remedy adopted and the stated reasons for its adoption is so tenuous that we deem the order a gross abuse of the Commission's remedial authority. Accordingly, we set aside the order of the Commission.

The Commission also argues that the suspension will serve the public interest by deterring others in the securities industry from committing similar violations. However, the Commission cites no authority for the proposition that it may impose sanctions such as suspensions in order to deter others in the securities industry as a class. The reported cases, instead, focus on the danger to the investing public of allowing a particular violator to continue to work in the securities field. *See* Weiss, Registration and Regulations of Brokers and Dealers 202–05, 255 (1965).

We need not, however, in this case decide whether the Commission may issue an order solely to deter members of the Securities industry in general from committing violations of the securities acts. In this case we have concluded that the Commission's order is punitive, not remedial. Punishment, in the form of criminal sanctions, may be im-

posed under the securities acts in appropriate cases, but here the Commission deliberately refrained from prosecuting Beck (although it did prosecute some of his associates).

Accordingly, so much of the Commission's order as would impose a four-month suspension on petitioner is set aside.