**UNITED STATES of America,
Plaintiff,**

v.

**ATOMIC FIRE EQUIPMENT CO. et al.,
Defendants.**

**Crim. A. No. CR 72-737.**

United States District Court,
N. D. Ohio, E. D.

Jan. 4, 1973.

Robert A. McNew, Dept. of Justice, Atty., Anti-Trust Div., Cleveland, Ohio, for plaintiff.

C. D. Lambros, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

Defendant Warren L. Vodak has moved this court for a separate trial pursuant to Rule 14 of the Federal Rules of Criminal Procedure. He alleges that since he was not associated with defendant S. R. Smith Company, Inc. until 1965, it would be prejudicial to him to participate in a trial where evidence as to the alleg-

edly illegal acts of other co-defendants between 1962 and 1965 is being presented to the jury and that "a mass conspiracy trial is by its very nature prejudicial to a defendant, especially when a substantial amount of the evidence to be adduced at trial does not even concern the defendant".

 Even though the decision to grant or deny a motion for a separate trial is committed to the discretion of the trial judge, United States v. Armel, 384 F.2d 51, 53 (6th Cir. 1967), cert. den. 390 U.S. 944, 88 S.Ct. 1028, 19 L.Ed.2d 1132 (1968), it is inadvisable to divide a conspiracy case into its parts absent some compelling reason. United States v. Brandt, 139 F.Supp. 367, 369–370 (N. D.Ohio 1955), 256 F.2d 79 (6th Cir. 1956) (rev'd on other grounds); United States v. Atlantic Commission Co., 45 F. Supp. 187, 190 (E.D.N.C.1942); United States v. Maine Lobsterman's Assn., 160 F.Supp. 115, 120 (D.Me.1957). The nature of conspiracy cases, whether they be brought pursuant to the anti-trust laws or the gambling statutes is that evidence admitted as to one defendant is often inadmissible as to another and appropriate jury instructions must be fashioned.

The argument raised by the defendant has often been rejected by other courts. United States v. Malinsky, 19 F.R.D. 426 (S.D.N.Y.1956); United States v. Kessler, 449 F.2d 1315 (2d Cir. 1971). The defendant is charged in a conspiracy to violate the anti-trust laws and as such is criminally liable for each of the acts of his co-conspirators performed in furtherance of the common scheme. Therefore, the evidence relating to the defendant in isolation is less important than the evidence of the conspiracy and the evidence of the defendant and his co-conspirators. The defendant has not demonstrated even if he was criminally implicated in only a portion of the conspiracy, he would be so prejudiced as to require that this court engage in two nearly identical, duplicate trials.

The defendant's two grounds advanced in furtherance of his motion for a separate trial are rejected and the motion is denied.

It is so ordered.