ARTHUR LIPPER CORPORATION and
Arthur Lipper, III, Petitioners,

v.

SECURITIES AND EXCHANGE
COMMISSION, Respondent.

No. 165, Docket 76–4067.

United States Court of Appeals,
Second Circuit.

Petition for Rehearing Dec. 27, 1976.

Order Denying Petition for Rehearing
March 22, 1977.

Dissenting Opinion April 1, 1977.

OAKES, Circuit Judge (with whom Judge MESKILL concurs):

I dissent from the denial of rehearing en banc. Expressing no opinion on the merits, it seems to me that this case raises sufficiently important questions of administrative law and the role of the courts therein, of general applicability, to warrant our careful consideration sitting en banc. Even assuming, as the panel opinion persuasively argues, that *American Power & Light Co. v. SEC,* 329 U.S. 90, 112, 67 S.Ct. 133, 91 L.Ed. 103 (1946), and *Butz v. Glover Livestock Commission Co.,* 411 U.S. 182, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973), permit the reviewing court to vacate an administrative sanction, which is " 'peculiarly a matter for administrative competence,' " 329 U.S. at 112, 67 S.Ct. at 146, it is difficult to see how the reviewing court may properly substitute its judgment for that of the agency on such a matter. *O'Leary v. SEC,* 137 U.S.App. D.C. 420, 424 F.2d 908, 911–12, (1970); *see* K. C. Davis, *Administrative Law Treatise*

§ 30.10, at 250–52 (1958). Underlying precepts of administrative law would seem to require a remand for further agency consideration of the sanction if it has previously abused its discretion. I am as intolerant of the agency's delays in this case, and other agencies' in other cases, as the distinguished author of the majority opinion, but I question seriously whether those delays justify taking a leap which has, except for one "sport," *Beck v. SEC,* 430 F.2d 673 (6th Cir. 1970) (entire sanction set aside), not heretofore been taken, that is, the reviewing court's substituting its own judgment of what the sanction should be for that of the agency. *See, e. g. Hanly v. SEC,* 415 F.2d 589, 598 (2d Cir. 1969); *Marketlines, Inc. v. SEC,* 384 F.2d 264, 267 (2d Cir. 1967), *cert. denied,* 390 U.S. 947, 88 S.Ct. 1033, 19 L.Ed.2d 1137 (1968). If this is the unique case the panel opinion pictures it as—where the SEC had absolutely no choice under the statute, Section 15(b)(4), (6) of the Securities Exchange Act, 15 U.S.C. § 78*o*(b)(4), (6), between a year's suspension and a permanent bar—it would be one thing, but it seems to me it was entirely open to the Commission to impose a bar with leave to reapply, just as this court recommended to the Drug Enforcement Administration in *Sokoloff v. Saxbe,* 501 F.2d 571, 576–77 (2d Cir. 1974). I fail to see any Commission rule or requirement that readmission to the business be under supervision or, if it were, that this would be so terribly unfair to someone who ignored his fiduciary obligations and violated the Securities Exchange Act and Rules thereunder.