87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence D. ISEN; Peter Paul Kim, Petitioners,
v.
SECURITIES AND EXCHANGE COMMISSION, Respondent.
 No. 95-70564.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1996.*
Decided June 26, 1996.
 
 Before: WIGGINS, THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The petitioners, Lawrence D. Isen and Peter Paul Kim, are former stockbrokers who were found to have violated the antifraud provisions of the Securities Act of 1933, 15 U.S.C. § 77q(a), and the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). The Securities & Exchange Commission (SEC) barred the petitioners from associating with any broker or dealer and ordered them to cease and desist from violating the antifraud provisions of the securities laws. Isen and Kim bring this petition for review contending the evidence in support of the charges was insufficient, the SEC's opinion was too vague for meaningful judicial review, procedural errors deprived them of due process, and the SEC's sanction barring them from acting as stockbrokers was too severe. We have jurisdiction to consider the petition for review pursuant to Section 9(a) of the Securities Act, 15 U.S.C. 77i(a), and Section 25(a)(1) of the Exchange Act, 15 U.S.C. 78y(a)(1); and we deny review.
 
 
 3
 A. Substantial Evidence to Support SEC's Findings
 
 
 4
 Isen and Kim challenge the SEC findings that they made fraudulent price projections and misrepresented the risk of investments they recommended. Kim also challenges the finding that he made unauthorized trades.
 
 
 5
 The SEC's findings of fact will be upheld if supported by substantial evidence. 15 U.S.C. § 78y(a)(4); Environmental Action, Inc. v. SEC, 895 F.2d 1255, 1259 (9th Cir.1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 6
 Substantial evidence supports the findings that both Kim and Isen violated the antifraud provisions of the securities laws by failing to disclose material information. According to the testimony of the customer witnesses, both petitioners failed to disclose the known high risks associated with investments or actively disavowed those risks. Isen and Kim failed to disclose these risks despite the capitalized statement in bold print on the cover of each company's prospectus proclaiming: "THESE SECURITIES INVOLVE A HIGH DEGREE OF RISK AND SHOULD BE CONSIDERED ONLY BY PERSONS WHO CAN AFFORD THE LOSS OF THEIR ENTIRE INVESTMENT."
 
 
 7
 The high risk nature of the investments was clearly material because the risks involved the financial condition, solvency and profitability of the traded companies. See SEC v. Murphy, 626 F.2d 633, 653 (9th Cir.1980).
 
 
 8
 These same witnesses testified that Isen and Kim made fraudulent price projections, which is a violation of the antifraud provisions of the securities laws. Representations that the price of a security would attain a specific value have been held to "bear the hallmarks of fraud." See SEC v. Dolnick, 501 F.2d 1279, 1283 (7th Cir.1974); SEC v. Research Automation Corp., 585 F.2d 31, 35 n. 7 (2d Cir.1978).
 
 
 9
 The petitioners contend that the bases for their price projections were disclosed. The testimony of the customer-witnesses refutes this. Moreover, the SEC presented expert witnesses who testified that no reasonable basis existed for the petitioners' projections.
 
 
 10
 Although Isen and Kim point to exculpatory evidence in the record in their favor, it was the task of the SEC to weigh this evidence together with all evidence in the case. There was substantial evidence to support the SEC's findings and we cannot say that it erred in weighing the evidence for and against the petitioners.
 
 
 11
 There was also substantial evidence to support the SEC's finding that Kim violated the securities laws by making unauthorized trades. Two of Kim's former customers testified he engaged in unauthorized trades in their accounts.
 
 B. Judicial Review of the SEC's Opinion
 
 12
 The petitioners contend the bases for the conclusions in the SEC's Opinion are not sufficiently articulated to enable this court to perform meaningful judicial review. We disagree.
 
 
 13
 The SEC's 21-page opinion sets forth in detail the evidence before the ALJ regarding the petitioners' course of conduct in defrauding their customers. The opinion then evaluates the evidence and concludes that both Isen and Kim violated the antifraud provisions of the securities laws. The reasons for the conclusions are sufficiently articulated and rationally connected to the findings which precede them.
 
 
 14
 The petitioners contend that "[w]hile the Decision purports to adopt credibility determinations made by the Administrative Law Judge at the evidentiary hearing, a review of the Initial Decision shows that he made no express findings rejecting the credibility of Mr. Isen or Mr. Kim." In Ceguerra v. Secretary of Health & Human Servs., 933 F.2d 735 (9th Cir.1991), relied on by petitioners, we held that when a decision of an ALJ rests on a negative credibility evaluation, the ALJ must explicitly state and support the negative evaluation in the record. Id. at 738.
 
 
 15
 Here, the ALJ's decision rested on testimony of numerous witnesses, all describing similar misconduct of the petitioners. There was also substantial evidence of the petitioners' misconduct. In these circumstances, specific findings of lack of credibility of a witness are not crucial to our review of the agency's grounds for its decision.
 
 
 16
 We conclude that the SEC's opinion sufficiently articulates the basis for its decision to enable us to engage in meaningful judicial review.
 
 C. Sufficiency of the Charges
 
 17
 Isen and Kim argue the SEC imposed sanctions against them based on findings of misconduct that was not charged in the SEC's Order Instituting Proceedings. Isen contends the SEC found he had made projections regarding future earnings, but he was never charged with making fraudulent projections of future earnings. Both Isen and Kim contend the SEC based its decision on findings that they engaged in high-pressure sales practices, but, according to them, they were never charged with engaging in high pressure sales practices, and even if they were, such practices were not fraudulent.
 
 
 18
 Isen and Kim were entitled to "fair notice" of the charge lodged against them, "and the grounds upon which it rest[ed]." Jaffee & Co. v. SEC, 446 F.2d 387, 394 (2d Cir.1971).
 
 
 19
 The parties or persons entitled to notice shall be timely informed of the time, place and nature of any hearing and the legal authority and jurisdiction under which the hearing is to be held, and furnished a short and simple statement of the matters of fact and law to be considered and determined.
 
 
 20
 17 C.F.R. § 201.6(a).
 
 
 21
 The SEC did not, as the petitioners contend, find that high pressure sales tactics violated the antifraud provisions of the securities laws. The SEC's opinion stated that the petitioners' misconduct was "compounded by their use of high pressure sales tactics." The conduct that violated the securities laws was making material misstatements, omissions, and unfounded predictions of future prices in connection with the sale of securities.
 
 
 22
 Although the Order Instituting Proceedings did not specifically allege that Isen had made fraudulent predictions of future earnings, the Order generally alleged that Isen had violated the antifraud provisions by making false statements of material fact, misleading omissions, and engaging in courses of conduct which had operated as a fraud in the sale of securities. Specifically, it alleged that Isen had "misrepresented to customers the risks associated with investments he recommended," and had "made unsuitable investment recommendations." The Order further alleged:
 
 
 23
 [Isen had] made predictions, without a reasonable basis, to customers that the prices of stocks he was recommending would rise to specified levels within specified periods of time, in spite of the fact that such recommendations pertained to securities involving a high degree of risk and which were issued by corporations with limited operating histories and which had only recently gone public, at least one of which was operating at a loss.
 
 
 24
 The Order then gave specific examples of each of these alleged acts.
 
 
 25
 In light of the allegations contained in the Order Instituting Proceedings, we conclude that Order provided sufficient notice of the charges brought against Isen and Kim. The SEC's decision and sanction was not based on uncharged conduct.
 
 D. Fifth Amendment
 
 26
 Kim argues the SEC violated his Fifth Amendment right not to testify by calling him to the stand, with the result that he had to assert this right. We reject this argument. No inference was drawn from Kim's refusal to testify. Where no inference is drawn from a defendant's refusal to testify, there is no prejudice. Nees v. SEC, 414 F.2d 211, 216-17 (9th Cir.1969).
 
 E. The Sanction
 
 27
 The sanction imposed by the SEC bars Isen and Kim from acting as stockbrokers. The petitioners argue this was the most stringent sanction available, and is unjustifiably severe.
 
 
 28
 "The SEC has broad power to determine appropriate sanctions, and we will reverse only for an abuse of discretion." Sorrell v. SEC, 679 F.2d 1323, 1327 (9th Cir.1982); Hateley v. SEC, 8 F.3d 653, 655 (9th Cir.1993). Because the relation of remedy to policy is a matter entrusted to the administrative agency, we will not disturb SEC sanctions unless they are unwarranted in law or without justification in fact. Hinkle Northwest, Inc. v. SEC, 641 F.2d 1304, 1310 (9th Cir.1981); see also Hateley, 8 F.3d at 655 (an abuse of discretion exists if the sanction is unwarranted in law or without justification in fact).
 
 
 29
 Isen and Kim assert that the transactions at issue involved only a few customers and that for many years they practiced without any suggestion of improper conduct both before and after such transactions. They point to the testimony of John Morris, their supervisor after the transactions occurred, who testified he saw no signs that the petitioners discharged their duties irresponsibly. The petitioners contend this shows their rehabilitation and their suspension is not necessary. See Beck v. SEC, 430 F.2d 673 (6th Cir.1970).
 
 
 30
 Petitioners' argument is essentially a request that we modify the SEC's sanction because they believe the remedy is more severe than necessary to fulfill the remedial policies of the SEC. We decline to do this. We will not disturb an SEC sanction unless the severity of the sanction imposed is so disproportionate to the severity of the violation that it amounts to an abuse of discretion. This circumstance does not exist in this case. The sanction is warranted in law 15 U.S.C. § 78o(b)(6), and justified in fact.
 
 
 31
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3