**PEPSI COLA BOTTLING COMPANY OF PUERTO RICO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 80–0914.**

United States District Court, D. Puerto Rico.

May 30, 1980.

Irwin H. Flashman, O'Neill & Borges, Hato Rey, P. R., for plaintiff.

Jose A. Quiles, U. S. Atty., Hato Rey, P. R., for defendant.

## OPINION AND ORDER

TORRUELLA, District Judge.

This case came to be heard upon Plaintiff's application for a stay of administrative decision withdrawing Plaintiff's authorization to participate in the Food Stamp Program, pursuant to the provisions of 7 U.S.C. Section 2023.

In the Motion filed on April 30, 1980 and at the hearing held on May 6, 1980, Plaintiff alleged that according to the language of Section 2023 when the issue before the Court is the stay of the administrative action, the Court only has to determine whether Plaintiff will suffer irreparable injury. Defendant contended that Plaintiff has to establish its probability of success on the merits before showing that it will suffer irreparable injury. Accordingly, since Plaintiff had failed to raise a claim upon which relief could be granted, and inasmuch as Plaintiff did not deny the basis of the administrative action, the stay should be denied and the complaint dismissed.

■ The statute providing for judicial review and the stay of the administrative action in controversy, 7 U.S.C. Section 2023 in its pertinent part, states as follows:

"... During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, unless an application to the court on not less than ten days' notice, and after hearing thereon and a showing of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal."

According to the statute, the requirements for a stay are first, an application to the court on not less than ten days' notice, second, a hearing, and third, a showing of irreparable injury. The inclusion of the phrase "and after hearing thereon and showing of irreparable injury" entails, that besides Plaintiff having to demonstrate irreparable injury, Plaintiff must show to the court that it has alleged a substantive claim against the validity of the administrative action, enough to demonstrate its probability of success on the merits.

The requirement of reasonable probability of success is a threshold question upon which the consideration of irreparable injury depends because the need for a court to act is at least dependent on Plaintiff's claim. The applicability of this requirement to actions under § 2023 has been established in the cases of *Figueroa v. Berg-*

*land*, Civil Number 77–1024, opinion entered on September 16, 1977 and *Gonzalez v. Bergland* Civil Number 77–748, opinion entered on June 13, 1977.

■ Furthermore, the purpose of the stay provided by Section 2023 is the same as the purpose of the preliminary injunction contained in Rule 65 of the Federal Rules of Civil Procedure to preserve the *status quo* of the case pending the litigation of the merits, *Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181 (1975, Cir. 10). Consequently, the policies that bear on the propriety of granting a preliminary injunction are applicable to the granting of a stay pursuant to Section 2023.

The requirement of probability of success on the merits in preliminary injunctions is discussed in *Delaware & Hudson Railway Company v. United Transp. Union*, 450 F.2d 603 (D.C.Cir.1971), at pages 619–620 the Court stated:

"The court is obligated to appraise the merits of a case on a request for preliminary injunction. In the first place, the 'movant must show substantial likelihood of success on the merits,' a requirement sometimes phrased as a 'reasonable probability of success.' Moreover, an assessment of the merits also suffuses the other factors requisite to a preliminary injunction—the requirement that movant show irreparable harm in the absence of an injunction, and the need of the court to consider damage to the respondent from granting the injunction, and to consider the public interest involved in both the grant and denial of relief. The accommodation and 'balancing' of these considerations often, perhaps typically, depend on underlying premises as to the substantive law defining legal rights. Thus in cases involving a claim by movant of interference with protected freedoms or other constitutional rights, the finding of irreparable injury cannot meaningfully be rested on a mere contention of a litigant, but depends on an appraisal of the validi-

ty, or at least the probable validity, of the legal premise underlying the claim of right in jeopardy of impairment. It often happens that when the parties present conflicting claims of rights and conflicting fears of threatened injury, one from the impact of the activity sought to be restrained, the other from the impact of any injunctive order, the situation realistically facing the court is this, that one party or the other will be injured whichever course is taken. A sound disposition in the interest of justice from the process of discerning and weighing of pertinent interests must depend on a reflective and attentive appraisal as to the outcome on the merits."

■ In the present case, the administrative action in controversy is the decision to withdraw plaintiff's authorization to participate in the Food Stamp Program based on the fact that plaintiff failed to comply with the requirement set forth by the regulations (7 C.F.R. 278.1(b)) that it has staple food sales which make up more than 50% of its eligible food sales. Plaintiff in its complaint does not deny the fact that the products it sells are carbonated drinks and accordingly are excluded from the definition of staple food.[1]

Thus, it is clear that the administrative action is valid as plaintiff has not alleged any set of facts or any provision of law which controverts the conclusion reached by the agency. Not only has plaintiff failed to establish its probability of success on the merits, but plaintiff has failed to state a cause of action.

Therefore, petitioner's request for a stay of the administrative decision is hereby denied and the complaint is dismissed.

---

1. Plaintiff at the hearing through its counsel admitted that its only products are carbonated drinks.