Morris **FACTOR, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 83–146–K.**

United States District Court, D. Massachusetts.

Jan. 31, 1983.

Order Feb. 11, 1983.

Marshall J. Handly, Davis & Gordon, Boston, Mass., for plaintiffs.

Nancy Serventi, Asst. U.S. Atty., Boston, Mass., for defendant.

### Memorandum and Order

KEETON, District Judge.

A hearing was held on the plaintiffs' motion that the court temporarily stay action by the Food and Nutrition Service (FNS) of the United States Department of Agriculture disqualifying plaintiffs from participating in the Food Stamp Program for one year. Following testimony and argument at the hearing, I found that plaintiffs, a retail grocery business and its president, will suffer irreparable harm if prevented from accepting food stamps for one year. The question before the court now and briefed by the parties is whether a stay can be issued without a finding that plaintiffs show a probability of success on the merits.

The statute under which a stay may be granted, 7 U.S.C. § 2023, appears not to require a showing of probability of success. It reads, in pertinent part, as follows:

> During the pendency of such judicial review [of FNS action], or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, unless an [sic] application to the court on not less than ten days' notice, and after hearing thereon and a showing of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal.

Although the statute appears to require only a finding of irreparable harm, defendant argues that the requirement of a hearing *and* a showing of irreparable harm "entails a threshold showing by plaintiff of a probability of success on the merits." Defendant's Memorandum at 1. The argument proceeds in two steps. First, the conjunction "and" is emphasized to argue that two things are required before a stay may be given—a hearing and a finding of irreparable harm. Then, read into the hearing requirement is the implication that the plaintiff at the hearing must show a probability of success on the merits. This approach to analyzing the statute's language was taken in *Pepsi Cola Bottling Co. v. United States,* 500 F.Supp. 304 (D.P.R. 1980). It does not appear, however, that the court's attention was drawn to the regulation implementing 7 U.S.C. § 2023, which reads

> (d) *Stay of Action.* Pending the judicial review, or any appeal from the judicial review, the administrative action under review shall remain in force, unless the firm makes application to the court and, *after a hearing on the action showing irreparable injury,* the court temporarily stays the administrative action under review pending disposition of the de novo trial or an appeal from the trial.

7 C.F.R. § 279.10(d) (emphasis added).[1]

---

1. I note also that another judge of this court stayed enforcement of an administrative order

like that in the present case by allowing a

Defendant reads far too much into the words "hearing thereon and," where they appear in the statute before "a showing of irreparable injury," in arguing that these words establish a second requirement—probability of success on the merits. I conclude instead that, as the language of the regulation implies, the statute requires only a hearing that produces a showing of irreparable harm.[2]

Defendant argues further that its interpretation of the statute "is consistent with the general requirements for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, which, like 7 U.S.C. § 2023, contains no explicit language referring to a showing of the probability of success on the merits," although it is well established that such a showing is necessary. Def. Mem. at 2. The problem with this argument is that the Rule 65 provisions on preliminary injunctions make no reference to any findings that must be made before the injunction can be issued: "Rule 65 does not affect the substantive principles governing the availability of injunctive relief in the federal courts. District judges still are guided by traditional equity doctrines." 11 C. Wright & A. Miller, Federal Practice and Procedure at 364 (1973). The statute in question here, 7 U.S.C. § 2023, requiring as it does a finding of irreparable harm while remaining silent as to any other requirements, differs from Rule 65, which is silent as to any showing that must be made.[3]

The interpretation of the statute adopted here is consistent with its apparent purpose of providing for a genuine opportunity for de novo hearing in the district court. The stay, in effect, is designed to protect the statutory right to such a hearing.

In light of the fact that no arguments have been advanced that appear to overcome the import and apparent purpose of the language of 7 U.S.C. § 2023 that preliminary relief may be granted upon a showing of irreparable harm, a stay will be ordered.

## ORDER

For the foregoing reasons, it is ORDERED:

Defendant's action disqualifying plaintiffs from participation in the food stamp program for one year beginning February 2, 1983 is stayed pursuant to 7 U.S.C. § 2023 pending disposition on the merits at trial or appeal.

---

temporary restraining order, even though plaintiff did not argue in its complaint or motion for temporary restraining order that he was likely to succeed on the merits. The court later allowed summary judgment for the defendant. *Kulken v. Bergland,* No. 79–368–T (D.Mass. 1979), *aff'd* 626 F.2d 181 (1st Cir.1980).

**2.** I note, in reaching this conclusion, the absence of anything in the legislative history relevant to the question before the court. See 1964 U.S.Code Cong. & Adm.News 3275 *et seq.;* 1977 U.S.Code Cong. & Adm.News 1704 *et seq.*

**3.** Rule 65 at section (b) ("Temporary Restraining Order"), does specify that a temporary restraining order may be granted without notice to the adverse party on a showing that "irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition . . . ." This provision, however, appears to be of little help to defendant. First, it is hard to analogize a 7 U.S.C. § 2023 stay following a hearing to an ex parte temporary restraining order. Second, even if the two were considered analogous, defendant would face the problem that it is unclear what showing of success on the merits is required before such a temporary restraining order will be issued. See *Palmigiano v. Travisono,* 317 F.Supp. 776, 787 (D.R.I.1970).