### UNITED TECHNOLOGIES CORPORATION, Plaintiff,

v.

### DEPARTMENT OF HEALTH AND HUMAN SERVICES, Margaret M. Heckler, and Donald A. Berreth, Defendants,

### Janis Johnson, Defendant-Intervenor.

### Civ. A. No. 83–566–WKS.

United States District Court,
D. Delaware.

Oct. 25, 1983.

Allen M. Terrell, Jr., Samuel A. Nolen, Richards, Layton & Finger, Wilmington, Del., David R. Berz, Anthony L. Young, Mary F. Edgar, Wald, Harkrader & Ross, Washington, D.C., for plaintiff.

Joseph J. Farnan, Jr., U.S. Atty., William C. Carpenter, Jr., Asst. U.S. Atty., Wilmington, Del., Darrel Grinstead, Asst. Gen. Counsel, Business and Administrative Law Div., Dept. of Health and Human Services, Washington, D.C., for defendants.

Eliot Alazraki, Wilmington, Del., Cornish F. Hitchcock, David C. Vladeck, Public Citizen Litigation Group, Washington, D.C., for defendant-intervenor.

## OPINION

STAPLETON, District Judge:

In this action, United Technologies Corporation ("United") seeks to enjoin the disclosure pursuant to a Freedom of Information Act ("FOIA") request of documents submitted to the National Institute of Occupational Safety and Health ("NIOSH") in conjunction with a health hazard evaluation conducted by NIOSH at United's Pratt & Whitney Aircraft ("PWA") division plant in West Palm Beach, Florida. United seeks a Declaratory Judgment that the contested documents are within Exemption 4 of the FOIA and thus exempt from mandatory disclosure. This case is therefore of the "reverse-FOIA" type, wherein a party who has submitted information to a government agency seeks to prevent the agency from disclosing the information pursuant to a third-party's FOIA request. At the time of argument on United's motion for a preliminary injunction, the parties submitted the case for resolution on the merits based on the current record.

## Background

In 1980, PWA became aware that the use of chlorinated industrial solvents at its West Palm Beach, Florida manufacturing plant had resulted in groundwater contamination. After taking steps to remedy the environmental problems, PWA approached the University of Miami Medical School with regard to the potential employee health hazard. When University of Miami doctors found what they considered to be elevated chloroform levels in employees' blood, PWA requested that NIOSH undertake a health hazard evaluation at the facility. A NIOSH hazard evaluation team visited the plant on December 14–16, 1981. During the course of this evaluation, PWA cooperated fully with NIOSH officials, providing not only all documents specifically requested, but others that PWA felt might be helpful. Some of these documents were clearly marked "confidential" or "privileged" and it is undisputed that the documents were considered confidential and subject to restricted access within PWA. NIOSH did not give any explicit assurances of confidentiality, however.

In November, 1982, PWA was informed that these documents were the subject of a pending FOIA request. Defendant-Intervenor Janis Johnson, a freelance journalist, seeks access to the documents in conjunction with an article she is preparing regarding worker health and safety at the PWA plant. PWA was given an opportunity to comment on the proposed disclosure, and NIOSH agreed to delete information identifying individual PWA employees. NIOSH also agreed to withhold certain investigative memoranda prepared in anticipation of litigation. The remaining documents that are the subject of this litigation fall into three categories: 1) Personnel air sampling forms and analysis and discussion of the data obtained. These documents provide information concerning the exposure of individual PWA employees to chlorinated industrial solvents at the West Palm Beach facility; 2) Reports prepared by Dow, PWA's supplier, concerning possible chemical vapor exposure of PWA employees; and 3) Internal sampling reports recording PWA's monitoring and self-evaluation prior to the NIOSH evaluation.

While all parties agree that the documents are "commercial," NIOSH found that they are not "confidential" within the meaning of Exemption 4. NIOSH consequently concluded that the documents are subject to mandatory disclosure and informed PWA of its determination and its intention to release the records.

On August 31, 1983, United filed suit in the United States District Court for the Southern District of Florida to enjoin disclosure. The court granted a temporary restraining order and transferred the case to the District of Delaware under 28 U.S.C. § 1406 as United is incorporated in Delaware and venue is proper under 28 U.S.C. § 1391(e)(1). United seeks a declaratory judgment that the challenged agency decision to release the documents was unlawful under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), because 1) the agency erroneously concluded that the documents are not within Exemption 4 of the FOIA, 2) the agency failed to adequately explain its rejection of plaintiffs' objections to disclosure, and 3) the agency failed to follow its own disclosure regulations.

## Preliminary Issues

NIOSH and the Intervenor make a variety of arguments in support of the proposition that United is not entitled to judicial review of NIOSH's decision that disclosure is mandated by the FOIA. I am unpersuaded by any of them.

■ United is entitled to judicial review under Sections 702 and 706(2)(A) of the Administrative Procedure Act ("APA") and subject matter jurisdiction exists under 28 U.S.C. § 1331(a). *See e.g., Worthington Compressors, Inc. v. Costle,* 662 F.2d 45 (D.C.Cir.1981). NIOSH's determination is not a matter "committed to agency discretion" within the meaning of the APA. As the Supreme Court made clear in *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), judicial review of agency action is

the rule and agency action is "committed to agency discretion" only when the applicable statute is drawn so broadly that there is "no law to apply." *Id.* at 410, 91 S.Ct. at 820. Where, as here, the issue concerns the applicability of an FOIA exemption to particular agency records, there clearly is law to apply. I do not read *Chrysler v. Brown*, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979) to teach otherwise.

■ United's treatment of the records in dispute while they were in its possession supports a finding that disclosure would cause it injury in fact through loss of community and employee good will and that it, accordingly, is a person adversely affected by the agency's action. If the records are properly regarded as exempt, United is entitled to a declaratory judgment to that effect so that the agency may exercise its discretion with respect to disclosure free of the constraints of the FOIA.

### Merits

A document is exempt from mandatory disclosure under Section 552(b)(4) of the FOIA if 1) the information disclosed therein is financial or commercial in nature, 2) it has been obtained from a person and 3) it is confidential or privileged. There is no dispute in this case about the fact that the information disclosed is commercial and the fact that NIOSH obtained the documents from a "person."

■ Commercial information is "confidential" if its disclosure is likely 1) to impair the agency's ability to obtain necessary information in the future or 2) to cause substantial harm to the competitive position of the person from whom the information was obtained. *National Parks and Conservation Ass'n. v. Kleppe*, 547 F.2d 673 (D.C.Cir.1976). United does not contend that disclosure of the disputed records would substantially harm its competitive position. Rather, it argues that disclosure will deprive NIOSH in the future of information essential to its mission because it will discourage requests for, and full cooperation during, health hazard evaluations.

■ NIOSH's initial argument is that United has no "standing" to assert the agency's interest in the free flow of information to the agency. I am unpersuaded for two reasons. As the Supreme Court has pointed out, "the fact of economic injury is what gives a person standing to seek judicial review under the ... [APA], but once review is properly invoked that person may argue the public interest in support of his claim that the agency has failed to comply with its statutory mandate." *Sierra Club v. Morton*, 405 U.S. 727, 737, 92 S.Ct. 1361, 1367, 31 L.Ed.2d 636 (1972). Moreover, I believe United, as an employer, has a special interest in the free flow of information to the agency under the Occupational Safety and Health Act, 29 U.S.C. § 651 *et seq.*, December 29, 1970.

Having decided that United is entitled to raise the issue of the impact of disclosure upon future submissions to NIOSH, I must decline to review the agency's determination of that issue at this time. While the agency's decision letter states a conclusion that release of the documents will not "significantly impair the NIOSH's ability to obtain necessary information in the future," it does not explain the basis for that conclusion. In such circumstances, the appropriate course is to remand to the agency for an explanation which will permit meaningful judicial review. *Chrysler Corporation v. Schlesinger*, 565 F.2d 1172, 1192 (3d Cir.1977), *rev. on other grounds*, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979).

In reaching the conclusion that the case must be remanded, I have considered the fact that the decision letter refers to NIOSH's statutory authority to compel production of documents and other information. That authority may well be relevant to the issue of adverse impact. But mere reference to it will not suffice in the context of a case in which a plausible argument has been made that disclosure will discourage employers from *identifying* potential hazards of which the agency would otherwise be unaware. While one can speculate about possible answers to that argument, such speculation would be inap-

propriate. The agency is in the best position to determine and articulate what its mission does and does not require and it should do so promptly.

The public interest in occupational safety and health requires that disclosure of the documents be stayed until the agency demonstrates that it has maturely considered whether such disclosure will significantly impair its access to information necessary to its important mission. 5 U.S.C. § 705; *e.g., Associated Securities Corp. v. SEC,* 283 F.2d 773 (10th Cir.1960).