Gerald **GURTZWEILER**, et
al., **Plaintiff**,

v.

**UNITED STATES of America,
Defendant.**

No. C 85–7028.

United States District Court,
N.D. Ohio, W.D.

Jan. 30, 1985.

Constance Snyder, Toledo, Ohio, for plaintiff.

Asst. U.S. Atty., Toledo, Ohio, for defendant.

MEMORANDUM and ORDER

WALINSKI, District Judge.

This matter came to be heard on briefs filed by both parties at the request of the Court. On January 11, 1985 the plaintiffs filed the instant complaint and an application for a temporary stay of administrative action and request for immediate hearing. The complaint seeks judicial review of an order of the Food and Nutrition Service (FNS) of the United States Department of Agriculture which permanently disqualified the plaintiffs from participating in the Federal Food Stamps Program. The motion to stay will be considered and evidence of irreparable harm will be heard at a hearing

set for February 1, 1985. 7 U.S.C. § 2023. After a pretrial conference held on January 17, 1985, the Court ordered the parties to submit briefs prior to the hearing on the question of what factors should be considered in deciding on a motion to stay an administrative order pending judicial review.

Authority for stay of a FNA order pending judicial review is found in 7 U.S.C. § 2023. In pertinent part, 7 U.S.C. § 2023(a) provides:

During the pendency of such judicial review [of FNA action], or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, unless an [sic] application to the court on not less than ten days' notice, and after hearing thereon and a showing of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal.

Similar language appears in the regulation implementing 7 U.S.C. § 2023, which reads:

(d) Stay of Action. Pending the judicial review, or any appeal from the judicial review, the administrative action under review shall remain in force, unless the firm makes application to the court and, after a hearing on the action showing irreparable injury, the court temporarily stays the administrative action under review pending disposition of the de novo trial or an appeal from the trial.

7 C.F.R. § 279.10(d).

■ The first matter to be addressed by the Court is whether a stay can be issued without a finding that plaintiffs show a probability of success on the merits. Plaintiffs argue that 7 U.S.C. § 2023 and 7 C.F.R. § 279.10(d) contain no explicit language referring to a showing of the probability of success on the merits. Plaintiffs submit further that the general requirements for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure are inapplicable here in light of the plain language of the statute and the implementing regulation. (Pl. Memo, at 506).

As authority for this contention, the plaintiffs cite a case which is directly on point. In *Factor v. United States*, 556 F.Supp. 567 (D.Mass.1983), the court specifically found that a temporary stay pending judicial review of an action by the FNS, disqualifying a retail grocery business from participating in the food stamp program, could be granted *without* a showing of the probability of a success on the merits. The court distinguished the temporary stay set forth in the statute and regulations from a preliminary injunction pursuant to Rule 65. The *Factor* court concluded that "[t]he interpretation of the statute adopted here is consistent with its apparent purpose of providing for a genuine opportunity for *de novo* hearing in the district court. The stay, in effect, is designed to protect the statutory right to such a hearing." *Id.* at 569.

This Court finds the reasoning of the *Factor* decision unpersuasive in light of the statute's clear mandate that an administrative action "shall remain in full force and effect" until a showing is made for the need of a stay. 7 U.S.C. § 2023. Moreover, there is controlling authority in the Sixth Circuit that likelihood of success on the merits is one of the factors to be considered in deciding on a motion to stay. Ruling on a Motion to stay an administrative action, the Court of Appeals for the Sixth Circuit in *Hamlin Testing Lab. Inc. v. United States Atomic Energy Comm'n*, 337 F.2d 221 (6th Cir.1964), set out the following:

The major factors to be considered in passing on a motion to stay an administrative order pending judicial review have recently been enumerated in *Virginia Petroleum Jobbers Ass'n v. FPC*, 104 U.S.App.D.C. 106, 259 F.2d 921, 925 (1958). *See also Liberty Nat'l Bank & Trust Co. of Oklahoma City v. Board of Governors*, 312 F.2d 392 (C.A.10, 1962); *Associated Sec. Corp. v. SEC*, 283 F.2d 773 (C.A.10, 1960); *Eastern Air Lines, Inc. v. CAB*, 261 F.2d 830 (C.A.2, 1958). Three of the factors enumerated in *Virginia Petroleum* are relevant to the mo-

tion before us, first, the likelihood of petitioner prevailing on its petition for review after full hearing thereon, second, whether irreparable damage will be suffered by petitioner if a stay is now denied, and third, whether the public interest calls for our discretion to be exercised to deny the stay.

*Id.* at 222. More recently in an unreported food stamp suspension case similar to the instant suit, the Sixth Circuit denied the plaintiff's motion for a stay stating:

> Specifically, plaintiff has failed to demonstrate that he is likely to prevail on the merits in the district court's *de novo* review, or on appeal of the district court's denying his motion for a stay.

*Semir Sitto, dba Summerset Market v. United States of America,* No. 82–8029, decided June 1, 1982. Binding authority in this Circuit therefore directs the Court to consider the likelihood of success on the merits in determining whether to grant a stay of an administrative action.

■ The second and final question presented to the Court asks for clarification of the irreparable harm criteria. The federal government contends that proof of the economic loss of food stamp customers' business because of disqualification is not the "kind of irreparable harm contemplated by 7 U.S.C. § 2023." (D. memo, at 5). It is argued that there will be a loss of food stamp business any time a store is disqualified from participating in the program. If a showing of economic loss was sufficient to invoke a stay under 7 U.S.C. § 2023, the federal government contends issuance of a stay would be automatic. The Court agrees. It is clear that the statute contemplates that the plaintiff make a showing of something beyond the customary economic loss of food stamp business to prove irreparable harm. This conclusion is supported by several unreported district court opinions denying stays in the face of similar arguments. *See Green Village Market v. United States of America,* Civil Action No. 83–cv–1714–DT (Cook, J.); *Azeezeh Arraf, dba Fair Food Market v. United States of*

America, et al., Civil Action No. 83–cv–0537–DT (Thornton, J.).

■ In summary, the Court finds that the major factors to be considered in deciding the motion to stay, *sub judice,* are: 1) the likelihood of the plaintiff prevailing on the merits in this Court's *de novo* review; 2) whether irreparable harm will be suffered by the plaintiff, beyond the customary economic loss of food stamp business, if a stay is denied; and 3) whether the public interest would be served by issuing the stay.

IT IS SO ORDERED.