ARTESIAN INDUSTRIES,
INC., Plaintiff,

v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.,
Defendants.

Civ. A. No. 86–1416.

United States District Court,
District of Columbia.

Oct. 28, 1986.

James V. Dick and Paul E. Gutermann, Washington, D.C., for plaintiff.

George Williams, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM–ORDER

GASCH, District Judge.

### I. Introduction

Before the Court are cross-motions for summary judgment. The plaintiff, Artesian Industries, Incorporated ("Artesian or the company"), moves the Court to grant judgment on its reverse Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action to block a proposed release of informa-

tion it submitted to the defendant, Department of Health and Human Services ("HHS").[1] HHS moves the Court to affirm the agency's decision to release the information in dispute.

## II. Facts

In October of 1984, the National Institute for Occupational Safety ("NIOSH"), a subdivision of HHS, initiated a review of the Vitreous China Plant owned by Artesian. As part of the review, NIOSH requested that Artesian produce the medical files of all its employees working in that plant. In addition to the files which NIOSH requested, Artesian inadvertently included an interoffice memorandum ("Artesian memorandum or memorandum") marked "CONFIDENTIAL" discussing the effects of the dust conditions at the Vitreous China Plant on its workers.[2]

On December 16, 1985, Mr. Larry Bassin sent NIOSH a letter requesting a copy of the Artesian memorandum on the basis of the FOIA. Relying solely on Mr. Bassin's letter, NIOSH made a preliminary decision to release the document. On January 27, 1986, HHS notified Artesian of Mr. Bassin's request and the agency's decision to grant it. However, before releasing the document, HHS offered Artesian the opportunity to provide an "appropriate rationale" for denying disclosure.

On February 13, 1986, Artesian filed a timely reply to HHS' request in which the company argued that its memorandum was exempt from the FOIA on the ground that it contained commercial information obtained from a person and was privileged or confidential. 5 U.S.C. § 552(b)(4). HHS was persuaded by Artesian's response and notified Mr. Bassin on February 21, 1986 that the memorandum was exempt from

disclosure under the FOIA and would not be released.

Subsequently, on March 3, 1986, Mr. Bassin appealed HHS' denial of his FOIA request to the Assistant Secretary for Health. The Assistant Secretary reversed the decision again, this time in favor of Mr. Bassin, concluding that the memorandum contained neither privileged nor confidential information and holding that Exemption 4 of the FOIA was inapplicable.

HHS notified Artesian of this reversal on May 12, 1986. The agency advised Artesian that it would disclose the memorandum immediately. This suit followed.

## III. Legal Issues

The range of legal issues presented by this case are fairly narrow. First, the Court must decide the appropriate scope of review for this appeal from an agency determination. Second, the Court must evaluate Artesian's claim that disclosure of the memorandum violates the policies and prerequisites underlying the FOIA. Finally, the Court must address Artesian's conclusion that their memorandum is without the FOIA's reach on the basis of Exemption 4.

### A. Proper Scope of Review

■ The Administrative Procedure Act ("APA") governs this Court's review of HHS's decision.[3] Factually, this review must be based on the administrative record developed by HHS. *See* 5 U.S.C. § 706 (1982). However, contrary to the parties' interpretation of the APA, the Court is not bound to set aside the agency judgment only if HHS' decision was "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law" ("arbitrary and capricious"). 5 U.S.C. § 706(2)(A) (1982).

---

**1.** Because of the sensitive nature of the material contained in the document, the Court agreed to seal the pleadings of this case.

**2.** The memorandum was authored by Mr. Kevin Meade and was delivered to Artesian's Operating Committee and Mr. R.M. Wyka.

**3.** The FOIA was not designed to accommodate reverse-FOIA actions. Thus, federal jurisdiction in such cases may not be founded on the Act. *Chrysler Corp. v. Brown,* 441 U.S. 281, 294, 99 S.Ct. 1705, 1713, 60 L.Ed.2d 208 (1978). Review nonetheless may be grounded on 28 U.S.C. § 1331 and 5 U.S.C. § 706 (1982). *Id.* at 318, 99 S.Ct. at 1725–26.

Based on the express language of the APA, the arbitrary and capricious standard applies only to "actions, findings and conclusions," *id.*, by an agency, excluding any questions of law.[4] The APA explicitly empowers reviewing courts to decide "all relevant questions of law," 5 U.S.C. § 706 (1982), and the United States Court of Appeals for the District of Columbia Circuit has construed this language to mean what it says—questions of law are to be decided by courts, not agencies. *See NOW, supra,* 736 F.2d at 734-35.[5]

### B. Policies and Prerequisites of the FOIA

Artesian argues that the Court ought to disallow release of its memorandum on two bases: (1) that the FOIA's central purposes would not be served by disclosure and (2) that the FOIA only applies when "agency records" are at issue and no such records are at issue here.

With regard to the first contention, the plaintiff argues that the overarching purpose of the FOIA is to provide citizens with access to the information that government agencies use in making their decisions. Only when such information is available will citizens have the opportunity to acquire the knowledge necessary to evaluate the government's decision. *See McGehee v. CIA,* 697 F.2d 1095, 1108-09 (D.C.Cir. 1983), *modified in other respects on reh'g,* 711 F.2d 1076 (1983). Artesian argues that disclosure of its memorandum would not be in keeping with this policy objective. The

company reasons that because HHS did not request the memorandum, the information in the document cannot be of the sort relied upon by the agency when it makes decisions. As such, disclosure of this information will not enlighten the populace as to HHS' decisionmaking process and will not further the goals of the FOIA.

Artesian's argument is specious. The fact that NIOSH did not specifically request Artesian's memorandum does not entail the conclusion that the agency did not preserve the document because of its subsequently determined informational value. NIOSH's original document request asked for all the medical files of the employees at Artesion's Vitreous China plant. The agency was obviously concerned with the health of the workers at that plant. The Artesian memorandum directly addresses this topic. Thus, it is not reasonable to posit that the memorandum had no informational value to NIOSH and therefore would not enlighten citizens as to the decisionmaking process of the agency.

Additionally, Artesian's argument impermissibly places the burden of proof on HHS; Artesian would require HHS to prove that disclosure would further citizens' understanding of the decisionmaking process. In fact, the burden of proof is on Artesian. The Supreme Court has stated on numerous occasions that the primary objective of the FOIA is disclosure. *See Chrysler Corporation, supra,* 441 U.S. at 290, 99 S.Ct. at 1711; *Department of the Air Force v. Rose,* 425 U.S. 352, 361, 96

---

**4.** HHS argues that *de novo* review is reserved for those cases where the agency's administrative procedures are "severely defective," Defendant's Motion to Affirm the Agency Decision at 5, but the United States Court of Appeals for the District of Columbia Circuit rejects this view. In *National Organization For Women ("NOW") v. SSA,* 736 F.2d 727 (D.C.Cir.1984), the court held that *de novo* review in reverse-FOIA cases will be proper where the agency's action is "adjudicatory in nature" and the factfinding procedures are "inadequate." *Id.* at 737. The *NOW* decision could support a finding that HHS' procedures in the instant action were inadequate. In both cases, the party who submitted the information to the agency had little opportunity to learn the decisionmakers concerns and to address them. *Id.* at 739, 741; *see Dynalectron*

*Corp. v. Dep't of the Air Force,* Memorandum, No. 83-3399 n. 4. (D.D.C. Oct. 30, 1984).

**5.** A footnote in *NOW v. SSA* holds that in resolving questions of law, courts ought to accord deference to administrative rulings only when the agency has a lengthy record of practical experience with the subject matter or technical knowledge of relevant industry conditions and practices. *NOW, supra,* 736 F.2d at 734 n. 78. Neither of these circumstances exist in this case. Here, HHS was ruling on FOIA and its exemptions, legal questions outside the scope of HHS' expertise. As such the agency's rulings on these questions of law deserve no special degree of homage.

S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). Contrary to this objective, Artesian wishes to inhibit disclosure. The party seeking to avoid disclosue bears the burden of proving that circumstances justify nondisclosure. 5 U.S.C. § 552(a)(3); *See National Parks and Conservation Association v. Kleppe*, 547 F.2d 673, 679 n. 20 (D.C.Cir.1976).

■ Artesian argues next that its memorandum is not an "agency record" within the meaning of the FOIA and therefore may not be disclosed under the Act. This argument presumes that Artesian can rely on the FOIA to block HHS' decision to disclose the memorandum. This presumption is incorrect. The Supreme Court has denoted the FOIA a disclosure statute, not a withholding statute. *Chrysler Corporation, supra*, 441 U.S. at 294, 99 S.Ct. at 1713. The FOIA states in pertinent part that,

> the district court of the United States ... has jurisdiction to enjoin the agency *from withholding agency records* and to order the production of any agency records improperly withheld....

5 U.S.C. § 552(a)(4)(B) (1982) (emphasis added). Section 552(a)(4)(B) expressly limits itself to situations where a court may enjoin an agency from "withholding" a document. Thus, the statute is inapplicable where, as here, a party wishes to enjoin an agency from disclosing a document. By its own terms, and upon the ruling of the Supreme Court, the FOIA seems inapplica-ble to Artesian's claim that its memorandum cannot be disclosed.[6]

**C.  Exemption 4**

The FOIA does not apply to matters that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4) (1982) (Exemption 4). The United States Court of Appeals for the District of Columbia Circuit has construed this exception as having three requirements: (1) the information to be disclosed must be either commercial or financial, (2) the information must be obtained from a person and (3) the information must be privileged or confidential. *National Parks and Conservation Association v. Morton*, 498 F.2d 765, 766 (D.C.Cir.1974). HHS concedes that the document at issue contains commercial information and that Artesian is a person under the FOIA, 5 U.S.C. § 551(2) (1982). Accordingly, the only issue for the Court is whether the Artesian memorandum is privileged or confidential.

**1.  Privilege**

In the District of Columbia, the attorney-client privilege applies when,

> (1) the communication from attorney to client is confidential, and (2) the communication is based on confidential information provided by the client.

*Schlefer v. United States*, 702 F.2d 233, 245 (D.C.Cir.1983). Artesian bears the burden of proving that this privilege applies since the party seeking to avoid disclosure

---

**6.** Assuming, arguendo, that Artesian's agency record argument were to be indulged, the plaintiff's briefs still do not prove that its memorandum is not an agency record within the meaning of FOIA. The term "agency record" is not defined in the FOIA. The Supreme Court has held that to be an agency record, an agency must either "create or obtain" the document. *Forsham v. Harris*, 445 U.S. 169, 182, 100 S.Ct. 977, 985, 63 L.Ed.2d 293 (1979). It is undisputed that HHS did not create the document at issue. Artesian contends that HHS never "obtained" the Artesian memorandum because it did not both possess and control the document. Whether both possession and control is necessary is unclear. The Supreme Court ruled in *Forsham* that physical possession of documents by an agency might be sufficient to make the

documents agency records. *Id.* at 185, 100 S.Ct. at 986. The United States Court of Appeals for the District of Columbia Circuit seems divided over the question of whether simple possession is sufficient. *Compare McGehee, supra*, 697 F.2d at 1108–09 (possession is sufficient) and *Wolfe v. HHS*, 711 F.2d 1077, 1079 n. 6 (D.C.Cir. 1983) (possession is insufficient). If possession is sufficient, then Artesian loses *ipso facto*. However, even if control must be proved, HHS still satisfies its burden. There is evidence that the Artesian memorandum was incorporated into HHS' files and had been read by the agency. *See* Agency Record at 2–3. Under the teachings of *Wolfe v. HHS*, 711 F.2d at 1080–82, these facts are enough to render the document an agency record, defeating Artesian's argument.

must prove that circumstances justify nondisclosure. 5 U.S.C. § 552(a)(3); *Kleppe, supra,* 547 F.2d at 679 n. 20.

■ As stated in *Schlefer,* the attorney-client privilege only arises when an attorney's purportedly privileged communication is based on confidential information provided by the client. *See Schlefer v. United States,* 702 F.2d at 245. Although Artesian believes that its memorandum "indicates plainly" that the advice of counsel stated in only one portion of the document is based on the confidential test data at the end of the memorandum, there is no evidence that Artesian provided the test results to its attorneys. Artesian's only support is its *post hoc* conclusory statement. Although such a confidential communication might be inferred, the Court should not be required to guess at the facts. Artesian has not met its burden of proof, and its privilege argument is therefore denied. This conclusion is based on an analysis of the elements of the attorney-client privilege, a legal question; thus, Artesian's attempt to limit this Court's review is rejected. *See NOW, supra,* 736 F.2d at 734–35.

■ Even if this Court did find that the advice of Artesian's legal counsel was based on confidential communications from the company, the attorney-client privilege is still inapplicable, for Artesian waived its privilege when it disclosed its memorandum to the government.

The general rule in the District of Columbia is that involuntary disclosures of information otherwise protected by the attorney-client privilege terminate the privilege. *In re Grand Jury Investigation of Ocean Transportation,* 604 F.2d 672, 675 (D.C. Cir.1979), *cert. denied, Sea-Land Service,*

*Inc. v. United States,* 444 U.S. 915, 100 S.Ct. 229, 62 L.Ed.2d 169 (1979); *Underwater Storage, Inc. v. United States Rubber Company,* 314 F.Supp. 546, 548–49 (D.D.C. 1970).

The question raised by Artesian's briefs is whether an exception to this rule should be created in this district for FOIA cases. Artesian argues that in every FOIA case, some party must have disclosed the disputed information to the government. Artesian thus concludes that if common law rules of privilege apply, disclosure will always terminate any privileges and Exemption 4 of the FOIA, which protects privileged communications, is rendered meaningless. In support of this argument, Artesian cites to *Sharyland Water Supply Corporation v. Block,* 755 F.2d 397, 399–400 (5th Cir.1985), *cert. denied,* —— U.S. ——, 105 S.Ct. 2678, 86 L.Ed.2d 697 (1985), wherein the Fifth Circuit adopted this reasoning and consequently expanded ·the breadth of the common law privileges in FOIA cases.[7]

Support for this line of reasoning in this jurisdiction is tenuous.[8] Moreover, *Sharyland* is simply not correct. There are several situations where disclosure of information in response to a government request will not automatically terminate a privilege. *See Indian Law Resource Center v. Department of the Interior,* 477 F.Supp. 144, 148 (D.D.C.1979) (disclosure of attorney work product to government agency did not waive the privilege in a FOIA action); *Miller, Anderson, Nash, Yerke & Wiener v. DOE,* 499 F.Supp. 767, 771 (D.Or.1980) (where information was disclosed to the government in its capacity as a co-litigant, Exemption 4 privilege was not destroyed in a subsequent FOIA action). Furthermore,

7. HHS points out that the exception to the common law rule of privilege created in *Sharyland* is only *dicta* since the Fifth Circuit ultimately rejected the asserted claim of privilege in that case.

8. The two opinions which articulate the general rule that involuntary disclosure terminates a privilege might support an exception to this general rule. *See In re Grand Jury Investigation of Ocean Transportation,* 604 F.2d at 675 ("per-

haps the latter rule should not be strictly applied to all cases of unknown or inadvertant disclosure"); *Underwater Storage, Inc., supra,* 314 F.Supp. at 549 (rules involving privilege should not be applied mechanically). However, neither of these cases gives any indication as to what form a proper exception might take and no District of Columbia Court has relied on this language to create any exception.

in *Washington Post Company v. HHS*, 603 F.Supp. 235, 237–38 nn. 7–8 (D.D.C.1985), a court in this jurisdiction closely examined the legislative history and caselaw regarding Exemption 4. The court held that Exemption 4 does not seem to contemplate the use of the attorney-client privilege as a means of preventing disclosure of information under the FOIA. In addition, the court found that the exception for "privilege" set out in Exemption 4 should be narrowly construed and should not add much scope to the exemption. These conclusions, reached by a court in this jurisdiction, directly controvert the arguments made by Artesian and the *Sharyland* opinion. As such, Artesian's argument fails.

### 2. Confidentiality

■ The term "confidential" as used in Exemption 4 of FOIA is not defined by the Act. The legislative history of the FOIA states that confidential information is that information which would "customarily not be released to the public by the person from whom it was obtained." S.Rep. No. 813, 89th Cong., 1st Sess. 9 (1965). Artesian would have this Court believe that the legislative history controls. However, in *National Parks, supra*, 498 F.2d at 767, the United States Court of Appeals for this Circuit ruled that the legislative history's definition is relevant but not controlling. *National Parks* held that the test for determining confidentiality must be objective. *Id.* at 766. More specifically, the court held that Exemption 4 as it applies to confidential information will apply when disclosure will cause either of the following re-

sults: (1) the government's ability to obtain necessary information will be impaired or (2) the person from whom the information was obtained will suffer substantial harm to his competitive position. *Id.* at 770. In its briefs, Artesian has conceded that the only issue in dispute in this case is whether the government's ability to obtain necessary information will be impaired.

Artesian argues that if HHS discloses the memorandum at issue, businesses from whom the government requests information in the future will withhold as much information as possible by reading the term "necessary" very narrowly. In addition, businesses will thereafter view governmental requests for information adversarially, causing the government greater expenses, delays, and inefficiencies. The plaintiff provides no support for this argument, and similar reasoning has been rejected in this jurisdiction. *See Dynalectron, supra,* memorandum, No. 83–3399 at 9.

More properly, the Court is guided by the reasoning of *Washington Post Company v. HHS*, 690 F.2d 252 (D.C.Cir.1982). In this decision, the United States Court of Appeals for this Circuit held that a party must produce a "detailed factual justification" showing that disclosure will impair the government's ability to acquire this information in the future before a court will direct an agency to withhold information. *Id.* at 269. As usual, the burden of proof is on Artesian, the party seeking to avoid disclosure. 5 U.S.C. § 552(a)(3); *Kleppe, supra,* 547 F.2d at 679 n. 20.[9] Artesian has provided no factual evidence to support its conclusion that the information in its

**9.** For this reason, Artesian's citation to *United Technologies Corporation v. HHS*, 574 F.Supp. 86, 89 (D.Del.1983), is misplaced. *United Technologies* does contain facts similar to those at bar: information was inadvertently submitted to NIOSH and the submitter thereafter initiated a reverse-FOIA action to prevent disclosure of the documents to a third party requester. The *United Technologies* court held that HHS had not proved that release of the documents would not significantly impair its ability to obtain necessary information in the future. On this ground, the court remanded the case back to the agency for further explanation. Despite a similarity of facts, the reasoning in this opinion has

been rejected in the District of Columbia. *United Technologies* would place the burden of proof on HHS, whereas *National Parks and Conservation Association v. Kleppe,* puts the burden of proof on the party seeking disclosure. Moreover, the cases are distinguishable factually, United Technologies voluntarily offered its information to NIOSH whereas Artesian submitted its information only after an information request by NIOSH. The distinction between disclosure which is mandatory and that which is voluntary has been deemed important in this Circuit. *See Washington Post Company, supra,* 690 F.2d at 268.

memorandum is confidential; thus, its argument fails.

## IV. Conclusion

In sum, Artesian's Motion for Summary Judgment is denied and HHS' Motion to Affirm the Agency Decision is granted. Disclosure of the Artesian memorandum violates neither the policies underlying the FOIA nor the statute's prerequisites. Moreover, Artesian's suggestion that Exemption 4 is applicable is incorrect. The attorney-client privilege likely never arose, and if it did arise, it was terminated by Artesian's disclosures to HHS. Artesian's claim that its memorandum is confidential fails because the company has not proved that the government's ability to obtain necessary information in the future will be impaired by disclosure in this case.

## ORDER

Upon consideration of the motion by plaintiff Artesian Industries for summary judgment and the motion of defendants, Department of Health and Human Services, *et al.*, the Memoranda of Points and Authorities in support thereof, and all oppositions and replies thereto, including argument of counsel, it is, this 28th day of October, 1986,

ORDERED that the agency's decision to release the contested record be, and hereby is, affirmed; it is further

ORDERED that the plaintiff's motion for summary judgment be, and hereby is, denied.